**Dorothy CRAWFORD,
Plaintiff-Appellant,**

v.

**NORTHEASTERN OKLAHOMA STATE
UNIVERSITY, et al.,
Defendants-Appellees.**

**No. 82–1198.**

United States Court of Appeals,
Tenth Circuit.

July 28, 1983.

587

Louis W. Bullock, Tulsa, Okl. (Carl G. Stevens, Tulsa, Okl., on briefs) of Sobel, Bullock & Stevens, Tulsa, Okl., for plaintiff-appellant.

James B. Franks, Asst. Atty. Gen., Civ. Div., Oklahoma City, Okl. (Jan Eric Cartwright, Atty. Gen. of Okl., with him on brief), Oklahoma City, Okl., for defendants-appellees.

Before SETH, Chief Judge, and BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Dorothy Crawford appeals from the district court's dismissal of her employment discrimination suit. *See* 42 U.S.C. § 2000e *et seq.* (1976). Ms. Crawford claimed that the defendants, her former employers, had terminated her employment on the basis of her race and gender. At the close of Ms. Crawford's case, the trial court dismissed her suit for failure to establish a *prima facie* case.

The trial court, relying on *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), held that Ms. Crawford could establish a *prima facie* case only by showing that (1) she was a member of a group protected by Title VII, (2) she was qualified for her job, (3) she was fired despite her qualifications, and (4) after she was fired, her job remained open and her employer sought applicants whose qualifications were no better than Ms. Crawford's qualifications. The court held that Ms. Crawford had presented no evidence pertaining to the fourth requirement.

The trial court referred to its dismissal as a directed verdict. Since this was a trial to the bench, there could be no directed verdict and we consider the dismissal to have been pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* C. Wright and A. Miller, Federal Practice and Procedure § 2523 (1971). The defendants argue that we may reverse a Rule

41(b) dismissal only if it was clearly erroneous. In granting a dismissal under Rule 41(b), the trial court may weigh the evidence, assess the witnesses' credibility, and make findings of fact. When a trial court does so, its findings of fact are reversible only if clearly erroneous. In the instant case, however, the trial court thought it was granting a directed verdict; the record does not indicate that it weighed the evidence. Ms. Crawford does not challenge any factual findings by the trial court; indeed, there were none. She argues that the trial court committed an error of law in applying the wrong standard to determine whether she had presented a *prima facie* case. Thus, the "clearly erroneous" standard of review is inapplicable.

 In *McDonnell Douglas,* the Supreme Court held that a plaintiff in an employment discrimination suit had established a *prima facie* case by satisfying the four requirements relied on by the trial court in the instant case. As this court has recently noted in interpreting *McDonnell Douglas,* "[t]he function of the *prima facie* case is to eliminate 'the most common nondiscriminatory reasons for the plaintiff's rejection.' ... The plaintiff need only establish that he was qualified for an available position 'but was rejected under circumstances which give rise to an inference of unlawful discrimination.'" *Mohammed v. Callaway,* 698 F.2d 395, 398 (1983) (citation omitted). Accordingly, it is the rule in this circuit that in suits alleging a discriminatory failure to promote, "a plaintiff establishes a *prima facie* case ... 'by fulfilling *McDonnell Douglas*'s first three criteria and showing that the position was filled by another.'" *Mohammed,* 698 F.2d at 398.

Of course, there is no reason to apply a stricter version of the fourth part of the *McDonnell Douglas* test in a suit alleging a discriminatory discharge rather than a discriminatory failure to hire or promote. An unexplained discharge of a qualified minority employee followed by the hiring of someone else might be slightly less suspicious than an unexplained failure to hire or promote since the employer in a discharge case

hired the plaintiff in the first place. It is not so different, however, for us to amend the conditions we set forth in *Mohammed* for a *prima facie* case. Moreover, it is easier for an employer to explain a nondiscriminatory firing than a failure to hire since the former is usually based on more tangible reasons. Thus, Ms. Crawford has established a *prima facie* case under *Mohammed* if she satisfied the first three parts of the *McDonnell Douglas* test—which the trial court found she had—and if she produced evidence that someone was hired in her place after she was fired.

Applying the proper test, we hold that Ms. Crawford established a *prima facie* case. Lois Wilmon, whose deposition was admitted as evidence pursuant to Rule 32(a)(3)(C) of the Federal Rules of Civil Procedure, explicitly stated in her deposition that Ms. Crawford was replaced by a man. Accordingly, we conclude that the trial court erred in dismissing her case; its judgment is reversed and the case is remanded for further proceedings consistent with this opinion.