962 F.2d 18
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Helen TUTTLE, Plaintiff-Appellant,
v.
ANR FREIGHT SYSTEMS, Defendant-Appellee.
 No. 88-1576.
 United States Court of Appeals, Tenth Circuit.
 April 29, 1992.
 
 1
 Before HOLLOWAY and LOGAN, Circuit Judges, and WESLEY E. BROWN,** Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 HOLLOWAY, Circuit Judge
 
 3
 This appeal arises from the district court's dismissal of plaintiff Helen Tuttle's Title VII and Equal Pay Act sex and compensation discrimination claims and her retaliation claim against ANR Freight Systems ("ANR") at the close of Tuttle's case.
 
 
 4
 * Tuttle was employed by ANR, or its predecessor Neuendorf Transportation, from May 1979 until May 1987. During her tenure at ANR, Tuttle occupied a variety of accounting positions. She maintains that in two of these positions she was paid less than two men, Kelly Underwood and Tom Watzell, who were assigned identical or substantially equal duties. After she filed an EEOC charge relating to this alleged discrimination she alleges that she was reprimanded, closely monitored, and ultimately fired. She believes that these actions were an illegal retaliation against her for bringing both the EEOC claim and this lawsuit.
 
 
 5
 At trial Tuttle testified in support of her charges of violations of the equal treatment provisions of Title VII, violations of the Equal Pay Act, and retaliation in violation of Title VII. In the course of the proceedings the trial court rejected on relevancy grounds Tuttle's offer of the verdict from her successful state court action against ANR for breach of contract. At the close of Tuttle's testimony, she rested. No other testimony was introduced. ANR then moved for an involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b).
 
 
 6
 In ruling on the motion to dismiss, the trial judge found that there was no evidence presented of any kind of different treatment in positions and no evidence of harassment or intimidation in violation of Title VII. With respect to retaliation, the court found that plaintiff had filed a charge with the EEOC on September 14, 1983 and that she testified she received a reprimand on September 22, 1983, which was for having overstayed a lunch hour and it was not until approximately a week later that others received the same kind of reprimand. The court found that this could not be regarded as retaliation.
 
 
 7
 With respect to plaintiff's termination, the judge found that the claim was properly before the court, although no additional claim on that separate subject had been made before the EEOC. The judge stated that he had sympathy with plaintiff's position, but noted her evidentiary shortages. Mr. Underwood apparently had supervisory authority that plaintiff Tuttle did not have and the same was true with Mr. Watzell. (Tr. 90). The court found that evidence that a large portion of work in accounting that Underwood and Watzell had performed might have been assigned to plaintiff Tuttle, and that she did not receive the same amount of pay, was not sufficient to constitute a violation of the Equal Pay Act without proof as to what all of their duties were, which was not offered. (Tr. 91). They could have as easily have been involved in long-range planning or the supervision of other employees and other kinds of duties, but the judge did not know.
 
 
 8
 The judge accepted the plaintiff's statement that she undertook the work done by Mr. Underwood which he had performed in a competent fashion; however, the judge noted that the evidence did not establish what Mr. Underwood's entire responsibility was and why his pay was at his level (Tr. 91). The court found there was no indication overall of sex discrimination as to whether women were being treated differently than men; the judge noted that he had to have some basis for comparison of the particular individual plaintiff with others and that no such evidence was shown with respect to Mr. Underwood or Mr. Watzell (Tr. at 91). With respect to termination the judge stated that this was a reduction in force and that absent any showing that the plaintiff was intentionally placed in a position which was planned for elimination, the court could not assume a wrongful termination. For these reasons the motions to dismiss the claims were granted, with each party to pay their own costs.
 
 II
 
 9
 On appeal, Tuttle claims: (1) that the district court improperly concluded that Tuttle had failed to establish a prima facie case of sex discrimination under either the Equal Pay Act or Title VII; (2) that the district court improperly concluded that Tuttle had failed to establish a prima facie case under the anti-retaliation provisions of Title VII; (3) that it was reversible error for the trial court not to admit the verdict from the state breach of contract action; (4) that the trial court's findings of fact were not specific enough to give a reviewing court a clear understanding of the factual basis for the trial court's decision; and (5) that the trial court failed to consider the weight of the new evidence presented in the offer of proof with Tuttle's motion to alter or amend its judgment.
 
 
 10
 In considering such a motion to dismiss, the trial court is not required to consider the evidence in the light most favorable to the plaintiff. Woods v. North American Rockwell Corp., 480 F.2d 644, 646 (10th Cir.1973). Rather, the judge is to resolve any conflicts in the testimony and consider whether the plaintiff has established her prima facie case by a preponderance of the evidence. On appeal, our review is limited; the trial court's findings are to be overturned only if clearly erroneous. Crawford v. Northeastern Oklahoma State University, 713 F.2d 586, 588 (10th Cir.1983).
 
 
 11
 In order to establish a prima facie case of unlawful retaliation under Title VII a plaintiff must show that she engaged in protected activity, that the employer took adverse employment action against her, and that a causal connection exists between the protected activity and the adverse action. Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). In an Equal Pay Act case, the prima facie elements are that the employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and are performed under similar working conditions. Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974). There was some evidence here touching on these elements. However, Tuttle's own testimony showed that she could not say with certainty what Mr. Underwood's duties as the accountant for fixed assets were. (R. at 69-71). While she did testify that she ultimately assumed "all" of Mr. Watzell's responsibilities in the Terminal Profit/Loss division (R. at 51), she did not supervise anyone in that division as he had done. (R. at 66). Nor was there any evidence that Watzell and Underwood's duties were limited to those with which Tuttle was familiar. Consequently the trial court found that Tuttle had not proven that she performed substantially the same work as Tuttle and Underwood. Given the fact that Tuttle never held any supervisory position and was admittedly uncertain about the full nature of her male co-workers' duties, we are not left with "the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 12
 The court made similar findings on the subject of retaliation. Although Tuttle was reprimanded shortly after commencement of this suit and was ultimately fired, there was no showing that these actions were the result of her complaint--one requirement for such a prima facie case. Tuttle admitted that the reprimand she was given for overstaying her lunch hour was also given to a number of other employees. (R. at 74). She was not fired until over three years after she first went to the EEOC, and when she was fired, there was a reduction in force in progress. (R. at 8; Defendant's Ex. A-5, p. 8). We thus cannot say that the district court's finding that there was no causal connection between Tuttle's complaint and subsequent disciplinary measures was clearly erroneous.
 
 
 13
 Tuttle's third claim is that it was error for the trial court to exclude evidence of the verdict from a successful breach of contract action she had brought against ANR. We review this exclusion under an abuse of discretion standard. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). The two breach of contract theories on which Tuttle prevailed were that ANR breached a promise to provide her with promotional opportunities and pay raises when she transferred to ANR in Denver and that she did not receive the additional compensation promised her for the extra duties she assumed upon Watzell's resignation. The trial judge excluded the jury verdict on these issues as irrelevant. Since the substance of Tuttle's discrimination complaint was not that she was paid less than promised, but rather that she was paid less the men holding comparable jobs, we cannot say that the trial court abused its discretion in excluding this evidence.
 
 
 14
 Rule 41(b) of the Federal Rules of Civil Procedure requires findings as provided in Rule 52(a) where the trial judge renders judgment against the plaintiff after her evidence is in. Rule 52(a) provides that "[i]n all actions tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon." The Rule also provides that it "will be sufficient if the findings of fact and conclusions of law are stated orally ..." The trial court has satisfied the Rule. It is clear from the record that the court held that a prima facie case had not been made because it felt that Underwood and Watzell had supervisory duties which Tuttle had never had, that the reprimand was the result of Tuttle taking a long lunch, and that her ultimate firing was part of a general reduction in force. The trial judge's oral findings and conclusions were adequate.
 
 
 15
 Finally, Tuttle argues that the district court abused its discretion in denying her motion to alter or amend the judgment. In her brief in support of the motion Tuttle contended that she had indeed presented a prima facie case of sex discrimination and that the court erred by excluding the state court verdict. As discussed above, none of these rulings constitutes reversible error. Tuttle also made an offer of proof of a number of facts which she had held back "for reasons of trial strategy" until after the defense's case was in. (Appellant's Brief at 43). Yet, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Federal Deposit Insurance Corporation v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986). Evidence which is kept back for purposes of trial strategy cannot be considered newly discovered evidence. The trial court thus did not err in refusing to alter the judgment.
 
 
 16
 Although none of Tuttle's claims of error can be sustained, they were sufficient for us to hold that the appeal is not frivolous and attorneys' fees will not be awarded to the appellee.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3