Kim I. DIDDE, Plaintiff,

v.

**UNIFIED SCHOOL DISTRICT NO. 207, LEAVENWORTH COUNTY, KANSAS, Defendant.**

**No. CIV. A. 98–2182–EEO.**

United States District Court,
D. Kansas.

July 30, 1998.

Jeffrey L. Baxter, Chapman, Waters & Baxter, Leavenworth, KS, for Plaintiff.

Mark A. Ferguson, Shelia T. Williams, Lathrop & Gage L.C., Overland Park, KS, for Defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of defendant Unified School District No. 207 ("the District") to dismiss plaintiff's complaint (Doc. # 11). The District's motion, as the District concedes, is more properly construed as a motion for summary judgment because the District relies extensively on matters outside the pleadings. The District filed its motion on June 10, 1998. On July 8, 1998, the court granted plaintiff an extension up to and including July 13 to respond to defendant's motion. On July 16, counsel for defendant faxed a letter to the Court and to counsel for plaintiff requesting that the court consider defendant's motion as uncontested. On July 20, counsel for plaintiff represented to Magistrate Judge Rushfelt that plaintiff planned to file a response to defendant's motion to dismiss but counsel did not indicate when such a response would be filed. As of July 29, plaintiff had not filed any response. Pursuant to local rule 7.4, defendant's motion will be considered as uncontested. Such motions ordinarily are granted without further notice. For the reasons stated below, defendant's motion will be granted.

### Factual Background

For purposes of defendant's motion, the following is a brief summary of the material facts that are uncontroverted or deemed admitted pursuant to Federal Rule of Civil Procedure 56 and District of Kansas Rule 56.1. Plaintiff was employed as principal of Eisenhower Elementary School in Fort Leavenworth, Kansas, for the 1995–96 and 1996–97 school years. Plaintiff's employment was governed by a contract which was subject to renewal each school year.

In the Spring of 1996, plaintiff met with the Superintendent of the District, Dr. Thomas Devlin and voiced a complaint about the conduct of one of the tenured teachers at Eisenhower Elementary School. Plaintiff asserted this teacher should be fired because she was dangerous and could cause harm to plaintiff's children. Dr. Devlin advised plaintiff that he could not fire a tenured teacher without some documentation or evidence to support plaintiff's allegations. Plaintiff had no such documentation and, therefore, Dr. Devlin simply told her he would not terminate the teacher. Pursuant to a request from plaintiff, the Board of Education investigated the matter and convened a meeting to discuss plaintiff's allegations that Dr. Devlin had refused to take the action requested by plaintiff. Plaintiff participated in the meeting. The Board of Education concluded that the teacher posed no danger to plaintiff's children and the disagreement between plaintiff and Dr. Devlin was a simple personality conflict. At no time during the meeting with Dr. Devlin or the Board of Education did plaintiff assert a claim of hostile or offensive treatment by Dr. Devlin on account of plaintiff's sex. The only issue raised by plaintiff was Dr. Devlin's unwillingness to support plaintiff's proposal to terminate the teacher's employment.

While employed as principal at Eisenhower Elementary School, a variety of deficiencies were noted in plaintiff's performance. These included: misplacing or filing state, federal and District reports late or incorrectly; failing to notify staff of meetings, or scheduling meetings, and failing to attend; improperly accounting for student activity funds; arriving late or leaving early during school activities and assemblies; consistently arriving late for work; inconsistent administration of student discipline; and failure to demonstrate leadership skills. Specifically, in September 1996, the District advised plaintiff she had violated District policy regarding expenditure of funds and further admonished her to become more familiar with the budget process. Additionally, in her evaluation dated October 30, 1996, Dr. Devlin noted plaintiff required improvement regarding District policy, state and federal regulations, administration of the budget, listening, and organizational skills. In February 1997, plaintiff was advised that several members of her staff had complained of her lack of leadership, organization, and discipline in Eisenhower Elementary School. Finally, in her evaluation dated March 18, 1997, Dr. Devlin noted plaintiff required improvement with teamwork, leadership, communication, budgetary concerns, and organizational skills. Based on these performance deficiencies, the Board of Education recommended that plaintiff's contract not be renewed for the 1997–98 school year.

On April 18, 1997, the Board of Education notified plaintiff that her contract would not be renewed. This notice also advised plaintiff that she had the right, pursuant to K.S.A. 72–5451 et seq. (the Administrators' Nonrenewal Procedure Act), to request a meeting with the Board of Education to discuss the reasons for this recommendation. Plaintiff exercised her right to request a meeting with the Board of Education, and this meeting was convened on April 30, 1997. The Board of Education advised plaintiff of the reasons for its intent not to renew her contract, and plaintiff was afforded an opportunity to respond to these reasons. Based on plaintiff's comments, on April 30, 1997, the Board of Education reconsidered its reasons for not renewing plaintiff's contract, but affirmed its earlier recommendation not to renew plaintiff's contract for the 1997–98 school year. Following plaintiff's departure from Eisenhower Elementary School, the District hired Dr. Carol Corrick, a female, to fill the position of principal.

Plaintiff alleges retaliatory discharge and sex discrimination in the instant action. Plaintiff alleges that in the Spring of 1996, she complained to the Board of Education about "hostile and offensive conduct" on the part of Dr. Devlin that could be the subject of an Equal Employment Opportunity Commission ("EEOC") complaint, and that she was treated differently than other male administrators. Plaintiff alleges that during the 1996–97 school year, the District was aware that she had previously filed an EEOC complaint, and that it terminated plaintiff's employment when she availed herself of appropriate remedies. Plaintiff's charge of discrimination was filed with the EEOC on July 15, 1997, after the Board decided not to renew plaintiff's contract. Plaintiff completed and submitted an Intake Questionnaire with the EEOC on April 9, 1996. The District did not receive notice that the Intake Questionnaire had been submitted, nor was it notified in 1996 that a charge of discrimination was filed with the EEOC. Additionally, the EEOC did not docket the Questionnaire in 1996, and no case was officially opened by the EEOC until the charge of discrimination was filed on July 15, 1997. Prior to this litigation, plaintiff never advised the District expressly or impliedly of her efforts to file a charge of discrimination against the District with the EEOC.

*Summary Judgment Standards*

As noted above, defendant's motion to dismiss essentially is a motion for summary judgment because matters outside the pleadings are presented. *See* Fed.R.Civ.P. 12(b). Defendant's motion, as well as the memorandum in support of the motion, give plaintiff ample notice that defendant requests that the motion be treated as one for summary judgment. Plaintiff has not filed any objection to treating defendant's motion as one for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interroga-

tories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). Essentially, the inquiry as to whether an issue is genuine is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505. An issue of fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. 2505. This inquiry necessarily implicates the substantive evidentiary standard of proof that would apply at trial. *Id.* at 252, 106 S.Ct. 2505.

Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in the light most favorable to the parties opposing the motion for summary judgment." *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not

escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1.

*Analysis*

**I. Sex Discrimination Claim.**

■ Plaintiff apparently alleges that the District did not renew her contract because of her sex. Plaintiff has offered no direct evidence of sex discrimination. Thus, the court must analyze plaintiff's claim under the burden-shifting framework set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir.), *cert. denied*, 513 U.S. 819, 115 S.Ct. 80, 130 L.Ed.2d 33 (1994). Under this framework, the plaintiff has the initial burden of establishing a prima facie case of sex discrimination. *See Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). By establishing a prima facie case, the plaintiff creates a presumption of unlawful discrimination that requires the defendant to produce evidence of a nondiscriminatory reason for its actions. *Id.* at 254–55, 101 S.Ct. 1089. The plaintiff then has the burden of showing that the defendant's proffered reasons are not its true reasons but are pretextual for sex-based discrimination. *Id.* at 252–53, 101 S.Ct. 1089. The ultimate burden of persuasion of proving intentional discrimination remains at all times with the plaintiff. *Id.*

■ To establish a prima facie case, plaintiff must show: (i) that she belonged to a protected class; (ii) that she was discharged despite her satisfactory job performance; and (iii) she was discharged under circumstances giving rise to an inference of discrimination. *See Lowe v. Angelo's Italian Foods, Inc.*, 87 F.3d 1170, 1174–75 (10th Cir.1996);

*Metoyer v. State of Kan.,* 874 F.Supp. 1198, 1202 (D.Kan.1995) (citing *Trujillo v. Grand Junction Regional Ctr.,* 928 F.2d 973, 977 (10th Cir.1991) and *Crawford v. Northeastern Oklahoma State Univ.,* 713 F.2d 586, 588 (10th Cir.1983)). Plaintiff has failed to meet the second and third elements of a prima facie case. In addition, plaintiff has failed to offer any evidence to establish that defendant's offered reason for not renewing plaintiff's contract is pretextual for sex discrimination.

### A.  Satisfactory Job Performance.

■ Plaintiff has not alleged or offered any proof to establish that she was performing her job satisfactorily at the time the District decided not to renew her contract. On the other hand, the District has offered detailed uncontested evidence (including contemporaneous documentation) of plaintiff's inadequate job performance. In light of the record evidence and absence of response by plaintiff, the court concludes that plaintiff has not established the second element of a prima facie case.

### B.  Circumstances Of Plaintiff's Discharge.

■ Plaintiff has not alleged any circumstances surrounding her discharge which even remotely give rise to an inference of sex discrimination. Indeed, the uncontested facts are that the District hired a female to replace plaintiff as principal. Moreover, plaintiff has not offered any evidence to support her bald allegation that male administrators were treated differently than plaintiff. Accordingly, plaintiff has not established the third element of a prima facie case.

### C.  Defendant's Offered Reason For Discharge.

■ Even, if the court assumes that plaintiff could establish a prima facie case, the District has offered a legitimate, non-discriminatory reason for plaintiff's termination—

plaintiff's inadequate job performance. Plaintiff has not even attempted to show that defendant's offered reason for termination is pretextual for sex-based discrimination. No record evidence suggests that sex was even a remote part of the District's decision to terminate plaintiff, and a reasonable trier of facts certainly could not find that sex was "the factor that made a difference." *See James v. Sears, Roebuck & Co.,* 21 F.3d 989, 992 (10th Cir.1994) (internal quotation omitted). Plaintiff's own belief that the District discriminated against her is insufficient to withstand summary judgment. *See Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1417–18 (10th Cir.1993).

For the above reasons, the court concludes that no reasonable jury could find in favor of plaintiff on her claim of sex discrimination.[1]

## II.  Retaliatory Discharge.

■ Plaintiff claims that the District did not renew her contract in April 1997 because of the complaint she filed against the District with the EEOC and the internal complaint she filed with the District. Plaintiff bears the initial burden to present a prima facie case by establishing that: (1) she engaged in protected activity under Title VII; (2) her employer took adverse employment action against her contemporaneously or subsequent to the protected activity; and (3) a causal connection exists between the protected activity and the adverse action. *See Meredith v. Beech Aircraft Corp.,* 18 F.3d 890, 896 (10th Cir.1994); *Sauers v. Salt Lake County,* 1 F.3d 1122, 1128 (10th Cir.1993); *Williams v. Rice,* 983 F.2d 177, 181 (10th Cir.1993). If plaintiff meets her burden, then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. *See Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1395 (10th Cir.1997). The defendant need not prove the "absence of retaliatory motive, but only produce evidence that would dispel the inference of retaliation by

---

**1.** Plaintiff also alleges in her complaint that she complained to the Board of Education about "hostile and offensive conduct" by Dr. Devlin that "could be the subject of an EEO complaint." Plaintiff does not allege or offer any evidence that Dr. Devlin's conduct was based on plaintiff's

sex. At the time of the complaint, plaintiff complained only of Dr. Devlin's unwillingness to fire a certain teacher. In addition, no record evidence supports plaintiff's allegation that male administrators were treated differently.

establishing the existence of a legitimate reason." *Id.* at 1395 (quoting *Burrus v. United Tel. Co. of Kansas, Inc.,* 683 F.2d 339, 343 (10th Cir.), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982)). If defendant produces evidence of a legitimate reason, the plaintiff may still prevail if she demonstrates the articulated reason was a mere pretext for discrimination. The overall burden of persuasion remains on the plaintiff. *See id.*

### A. *Plaintiff's Complaint With The EEOC.*

Plaintiff's claim of retaliatory discharge based on the filing of her complaint with the EEOC cannot withstand summary judgment. First, plaintiff has not established a causal connection between the filing of her EEOC complaint and the District's decision not to renew her contract. In order to establish the necessary causal connection between the protected activity and the employer's action, plaintiff must prove that the individual who took the adverse action knew of plaintiff's protected activity. *See Williams v. Rice,* 983 F.2d 177, 181 (10th Cir.1993); *see also Stuart v. Beech Aircraft Corp.,* 753 F.Supp. 317, 325 (D.Kan.1990) (no retaliatory discharge under Kansas common law based on uncontroverted facts that defendant decided to terminate plaintiff prior to plaintiff's submission of written report regarding safety concerns), *aff'd,* 936 F.2d 584 (10th Cir.1991). Here, the uncontested facts establish that the Board of Education did not know of plaintiff's EEOC complaint at the time the Board decided not to renew plaintiff's contract in April 1997. The Board learned of plaintiff's charge shortly after it was filed with the EEOC on July 15, 1997. No evidence suggests that the Board was aware that plaintiff completed an Intake Questionnaire with the EEOC until after plaintiff's charge was filed on July 15, 1997. The court concludes that no reasonable jury could find that a causal connection exists between plaintiff's complaint with the EEOC and the Board's decision not to renew plaintiff's contract.

Moreover, as with plaintiff's sex discrimination claim, defendant has offered a legitimate, non-discriminatory reason for plaintiff's termination—plaintiff's inadequate job performance. Plaintiff has not offered any evidence to suggest that this reason is pretextual for retaliation against plaintiff for filing the EEOC claim.

### B. *Plaintiff's Internal Complaint With The District.*

Plaintiff's claim of retaliatory discharge based on the filing of plaintiff's internal complaint with the District also cannot withstand summary judgment. First, plaintiff has not alleged or produced evidence that the filing of her complaint was "protected activity" under Title VII, an essential element of a prima facie case. Plaintiff alleges only that she complained of "hostile and offensive conduct" on the part of Dr. Devlin that "could be the subject of an EEO complaint." At the time of her complaint, plaintiff raised only the issue that Dr. Devlin was unwilling to support plaintiff's proposal to terminate a teacher's employment. Nowhere does plaintiff allege that she reported any alleged acts of sexual discrimination or harassment or any other acts prohibited under Title VII. Second, as with plaintiff's other allegations, plaintiff has not offered any evidence to establish that the District's offered reason for not renewing plaintiff's contract is pretextual for retaliation against plaintiff for the filing of the internal complaint.

For the above reasons, the court concludes that no reasonable jury could find in favor of plaintiff on her retaliatory discharge claim.

IT IS THEREFORE ORDERED that the motion to dismiss of defendant Unified School District No. 207 (Doc. # 11), which is treated as a motion for summary judgment, is granted.