**Larry WILLIAMS, Plaintiff–Appellant,**

v.

**Donald B. RICE, Secretary of the Air Force, Bobby Burleson, individually; Robert Johnson, individually; Janis A. Wood, individually, Defendants–Appellees.**

No. 92–6002.

United States Court of Appeals, Tenth Circuit.

Jan. 4, 1993.

---

Lewis Barber, Jr., Guinise Marshall, Barber & Marshall, P.A., Oklahoma City, OK, for plaintiff-appellant.

Timothy D. Leonard, U.S. Atty., Steven K. Mullins, Asst. U.S. Atty., Oklahoma City, OK, and Michael L. Colopy, Air Force Legal Services Agency, DC, for defendants-appellees.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.*

PAUL KELLY, Jr., Circuit Judge.

Plaintiff-appellant Larry Williams appeals the district court's summary judgment ruling dismissing his claims of wrongful termination and discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## BACKGROUND

Plaintiff was employed as a sheet metal mechanic at Tinker Air Force base in Oklahoma. On October 5, 1988, Plaintiff was involved in an altercation at the Tinker Vo–Tech Center where he was assigned. Two Air Force supervisors, Defendants Bobby Burleson and Robert Johnson, arrived at the Vo–Tech in order to speak to another employee and the Vo–Tech instructor. The Plaintiff and Mr. Burleson became involved in a confrontation in which Plaintiff threatened Mr. Burleson and shouted obscenities.

On November 22, Plaintiff received notice of the intent to remove him from federal service. The reasons given for removal were: (1) threatening behavior and gross disrespect for a supervisor; (2) abusive and offensive language; and (3) disruption of classroom activities at the Vo–Tech. Plaintiff had been suspended previously for threatening behavior. After his termination, effective January 26, 1989, Plaintiff filed an appeal with the Merit Systems Protection Board (MSPB) claiming that his removal was in retaliation for previous complaints of discrimination. The administrative law judge (ALJ) issued a Memorandum of Conference and Rulings which stated that the retaliation claim was the only affirmative defense raised by Mr. Williams. The ALJ ruled that the charges against Plaintiff were accurate, and found no evidence of retaliation for protected activity.

Plaintiff then filed a petition for review with the MSPB, alleging that the ALJ decision was an abuse of discretion and additionally claiming that the supervisors' conduct constituted race discrimination. The MSPB denied the petition.

Plaintiff proceeded to district court, alleging discrimination by his supervisors and retaliation for protected activity. The district court granted Defendants' motion for summary judgment. On appeal, Plaintiff alleges that summary judgment was improper because: (1) his discharge was in violation of Air Force regulations; (2) his claim of discrimination was properly included in his claim of reprisal; and (3) he has established a prima facia case of reprisal.

## DISCUSSION

 Our review of a grant of summary judgment is de novo and we apply the same legal standard used by the district court in evaluating the summary judgment motion, namely Fed.R.Civ.P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). A movant is not required to provide evidence negating an opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

 Where a petition for review of a MSPB decision involves both discrimination and other claims it is considered a "mixed case." On the discrimination claim, the petitioner "shall have the right to trial de novo by the reviewing court." 5 U.S.C. § 7703(c). The other, non-discrimination

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

claims, however, are reviewed on the administrative record. *Hayes v. United States Gov't Printing Office*, 684 F.2d 137, 141 (D.C.Cir.1982). Normally, pursuant to 5 U.S.C. § 7703(b)(1), the Federal Circuit has exclusive jurisdiction over appeals from the MSPB, except where, as here, the appellant's claim includes an allegation of discrimination. *See* 5 U.S.C. § 7703(b)(2). *See also Wall v. United States*, 871 F.2d 1540, 1542 (10th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990); *Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987).

## I. The Other Non–Discrimination Claims

Plaintiff first argues that his removal was in violation of Air Force regulations and that the district court applied the wrong standard of review, making summary judgment on the issue improper. Defendants counter that the MSPB decision was proper and is entitled to judicial deference.

The district court found that the ALJ's conclusions were supported by overwhelming evidence and that Plaintiff failed to provide any authority for his contention that his removal violated Air Force regulations. A MSPB decision must be upheld unless the reviewing court determines that it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c). The reviewing court "may not substitute its judgment for that of the MSPB." *Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir.1988). "Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." *Id.* at 620. We agree with the district court that the MSPB decision was not arbitrary or capricious, and Mr. Williams has again failed to cite any authority on appeal which supports his claim of violation of Air Force regulations. Sum-

mary judgment was proper as to the non-discrimination claim.

## II. The Discrimination Claim

Plaintiff asserts that his claim of discrimination was reasonably related to his claim of retaliation and was therefore included in his initial complaint. The district court dismissed the discrimination claim for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies. Plaintiff raised only unlawful retaliation in his initial complaint to the MSPB. He alleged that he was removed because of his prior EEO complaints. He interjected the issue of race discrimination for the first time in his petition for review, claiming that he was removed because of his race.

■■■ The exhaustion of administrative remedies is a jurisdictional prerequisite to a suit alleging federal employment discrimination. *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir.1984). By failing to raise the race discrimination claim before the ALJ, Plaintiff was precluded from raising it on his petition for review or at the district court level. *See Castro v. United States*, 775 F.2d 399, 403 (1st Cir.1985); *Meglio v. Merit Sys. Protection Bd.*, 758 F.2d 1576, 1577–78 (Fed.Cir.1984). Plaintiff argues that the issue of race discrimination was reasonably related to the retaliation issue raised on appeal. The two claims are not related, however, because the retaliation claim was based on Plaintiff's prior charges of discrimination, not on the present discrimination claim raised for the first time on appeal. *See Ang v. Procter & Gamble Co.*, 932 F.2d 540, 547 (6th Cir.1991) (retaliatory conduct in response to prior EEO complaints is distinguishable from retaliatory conduct following the EEO charge at issue). We leave for another day the question of whether the charges would be reasonably related if they arose out of the same incident of discrimination. *See Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988) ("retaliation claim injects an entirely new theory of liability into the case [by] alleging unlawful activity of a much different nature than ... discrimination"), *cert.*

*denied*, 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989); *but see Wentz v. Maryland Cas. Co.*, 869 F.2d 1153, 1154 (8th Cir.1989) (retaliation claim "grew out of" discrimination charge and is thus "reasonably related" because retaliation was in response to the initial claim of discrimination). As such, summary judgment was appropriate on the discrimination issue.

### III. The Retaliation Claim

 Finally, Plaintiff alleges that summary judgment was improper as to his claim of unlawful reprisal because he had established a prima facia case. To establish a prima facia case of unlawful reprisal, Plaintiff must prove:

> (1) protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer contemporaneously or subsequent to the employee's protected activity; and (3) a causal connection between such activity and the employer's action.

*Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 634 (10th Cir.1988) (citing *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir.1982)). The district court ruled that Plaintiff satisfied the first two elements, but failed to prove a "causal connection" between his filing EEO complaints and his removal from service. The court found that Defendant Janis Wood, the supervisor who made the decision to remove Plaintiff, was not aware that Plaintiff had filed any EEO complaints. We have previously assumed, without deciding, that to establish a "causal connection," plaintiff must show that the individual who took adverse action against him knew of the employee's protected activity. *Anderson*, 861 F.2d at 635. We embrace the assumption of *Anderson* in our holding today. Plaintiff fails to provide any evidence showing that he even made the complaints, much less that Ms. Wood knew of them. Therefore, Plaintiff has failed to prove a "causal connection" and summary judgment was proper as to the retaliation claim.

Accordingly, the district court's grant of summary judgment is AFFIRMED.