13 F.3d 407
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Walter E. TATE, Plaintiff-Appellant,
v.
BROWNING-FERRIS, INC., a foreign corporation, Defendant-Appellee.
 No. 93-6167.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Walter E. Tate appeals from the district court's entry of summary judgment in this Title VII race discrimination action. Mr. Tate brought three claims in the district court arising from his termination as a driver with appellee Browning-Ferris, Inc. They included a disparate treatment claim, a retaliation claim, and a state law tort claim based on an alleged violation of Oklahoma's public policy exception to the at will employment doctrine. As the parties are well aware of the facts underlying these claims, we will not repeat them here. Based on our thorough review of the record and the issues involved, we affirm in part, reverse in part, and remand to the district court.
 
 
 4
 "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party has the burden of showing, beyond a reasonable doubt, that it is entitled to judgment under rule 56(c). Hicks v. City of Watonga, 942 F.2d 737, 743 (10th Cir.1991). Once that showing is made, however, the party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). It is with these standards in mind that we review the issues presented.
 
 
 5
 Mr. Tate claims the district court erred in granting summary judgment on his disparate treatment claim because this case presents disputed issues of fact which a jury must resolve. Although the district court discussed plaintiff's obligation to make a prima facie case, it ultimately ruled that Mr. Tate could not survive summary judgment because he failed to present any evidence to show Browning-Ferris' reasons for the discharge were pretextual.[2]
 
 
 6
 Once Browning-Ferris came forward with legitimate, nondiscriminatory reasons for the discharge, the presumption created by the prima facie case dropped out and it was incumbent upon Mr. Tate to carry his ultimate burden of persuasion regarding the alleged intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). Thus, he had to make some showing that the reasons Browning-Ferris proffered were pretextual. Evidence of differential treatment originating from animus other than race discrimination is insufficient. See EEOC v. Flasher Co., 986 F.2d 1312, 1321 (10th Cir.1992)("Merely finding that people have been treated differently stops short of the crucial question: why people have been treated differently.").
 
 
 7
 When reviewing the propriety of a summary judgment, we view the facts in a light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Doing that here, we cannot agree with the district court that there are no disputes of genuine fact on the disparate treatment claim. Our review of the record reveals that in response to Browning-Ferris' stated nondiscriminatory reasons for the discharge, Mr. Tate did offer some evidence raising factual disputes about whether there was pretext.
 
 
 8
 In particular, Mr. Tate offered evidence that another employee who had taken the wrong truck was not fired for the infraction. In addition, black supervisor Bobby Davis described an incident where he terminated an employee for using racial slurs and being disrespectful, only to have management rehire the employee because it was a "misunderstanding." See Appellant's App. at 205-06.[3] Finally, there was testimony that coworkers thought Mr. Tate was a good and efficient worker. We must view all factual inferences in favor of Mr. Tate. Having done so, we hold the record contains genuine factual disputes with regard to whether Browning-Ferris' reasons for the discharge were pretextual. Consequently, summary judgment on this claim was improper.
 
 
 9
 Mr. Tate also argues it was error to grant summary judgment on the retaliation claim because 1) the issue presented is one of intent and motive, making it particularly inappropriate for summary judgment, and 2) the district court granted the motion on a defense which Browning-Ferris did not raise. Neither argument persuades us that summary judgment was improperly granted on this claim.
 
 
 10
 Mr. Tate is correct that retaliation claims, and discrimination claims generally, are cases where motive and intent are the primary issues. Indeed, proof of discriminatory intent is at the core of every Title VII action. To avoid summary judgment, however, Mr. Tate must provide some evidence on each element of his claims. There is no evidence in the record linking Mr. Tate's termination with his EEOC filing. The failure to introduce evidence on this critical element is fatal to the claim. See Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982).
 
 
 11
 Mr. Tate's second argument is related to his first. In its order, the district court noted that the record contained no evidence that the supervisor who ultimately terminated Mr. Tate knew he filed an EEOC claim. Thus, the court concluded he did not show a causal connection between a protected activity and his discharge. See Williams v. Rice, 983 F.2d 177, 181 (10th Cir.1993)(to establish causal connection, plaintiff must show person who took adverse action knew of protected activity). Mr. Tate maintains it was error for the district court to rely on this flaw in his case because Browning-Ferris never argued specifically that Mr. Bradshaw, who terminated him, was unaware of the EEOC claim.
 
 
 12
 Mr. Tate asks us to reverse summary judgment, despite a lack of supporting record evidence on the retaliation claim, because Browning-Ferris did not identify this legal error with specificity in its motion. We decline to do so. It is undisputed that the summary judgment motion contained an argument that Mr. Tate failed to introduce evidence of a causal connection. We agree with Browning-Ferris that it was plaintiff's burden to introduce evidence on the retaliation claim. He did not do so. Therefore, summary judgment was proper.
 
 
 13
 Finally, Mr. Tate argues it was error to dismiss the state tort claim based on the conclusion that he failed on his other two claims. On a certified question of state law in this case, the Oklahoma Supreme Court determined that state would recognize a public policy exception to the at will employment doctrine premised on race discrimination or retaliation connected with protected activities. Tate v. Browning-Ferris, Inc., 833 P.2d 1218, 1225 (Okla.1992). In light of our ruling on the disparate treatment claim, we must reverse summary judgment on this claim as well.
 
 
 14
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 In his brief on appeal, Mr. Tate also argues the trial court erred in not striking the affidavit of Dr. Nelda Ferguson and in finding he was not qualified for his position. Although the district court discussed these issues as they pertained to establishment of the prima facie case, it did not rely on them to grant summary judgment. The court stated explicitly in its order that regardless of Mr. Tate's ability to establish a prima facie case, the court would grant summary judgment because there was a failure to introduce sufficient evidence on the ultimate burden of persuasion. Therefore, we do not address these additional arguments here. See Appellant's App. at 331
 
 
 [3]
 Browning-Ferris argues that the verified affidavits which Mr. Tate submitted do not comply with the mandates of Fed.R.Civ.P. 56(e) and, therefore, they may not be considered. While we do not condone the rambling form and sometimes irrelevant nature of these submissions, they are verified, and do comply with the general language of the rule