48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricardo M. GONZALES, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF THE INTERIOR, Defendant-Appellee.
 No. 92-2164.
(D.C. No. CIV-90-609-JC)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On July 13, 1987, plaintiff was removed from his employment with the Bureau of Land Management (BLM), a division of the United States Department of the Interior. The Merit Systems Protection Board (MSPB) upheld the termination following an initial appeal. The parties then stipulated to a remand to the MSPB for consideration of plaintiff's additional discrimination claims; the MSPB again upheld the termination. Thereafter, plaintiff filed this "mixed case" in the district court for review of the MSPB decision and a trial de novo on his related claims that he was removed from service because he is Hispanic and because he had complained about the BLM's discrimination against him and other Hispanics. See generally Williams v. Rice, 983 F.2d 177, 179-80 (10th Cir.1993)(discussing "mixed case" procedure).
 
 
 3
 Plaintiff's employment with the New Mexico BLM was terminated in July 1987 for the following reasons: (1) he took unauthorized leave on March 31, 1987, (2) he took unauthorized leave April 2 through April 10, 1987, (3) he failed to report to work after his supervisor told him to do so during April 2-10, 1987, and (4) his work performance was deficient.
 
 
 4
 The facts have been recited in the decisions by two Administrative Law Judges, and again by the district court. Therefore, we will restate the facts only briefly. In September 1986 plaintiff sought counseling on his claims that he was passed over for awards and promotions because of his race, referred to as EEO proceedings. Plaintiff had taken 269 hours of annual leave and 261 hours of sick leave in 1986. On January 16, 1987, he received a letter of warning about taking leave. On February 23, 1987, plaintiff's supervisor warned him about work performance problems. Plaintiff took sick leave from March 16 through March 20, 1987. On March 24, 1987, plaintiff received EEO counseling. On March 25, 1987, plaintiff's supervisor requested additional medical information to justify plaintiff's March sick leave. On March 31, 1987, plaintiff took sick leave to acquire the requested documentation for his March 16-20 leave, but a full day's sick leave for that purpose was not approved. Plaintiff requested sick leave from April 2 through April 10, 1987. That leave was not approved, and on April 1 plaintiff's supervisor telephoned his home to tell him to report to work the next day. Plaintiff did not report to work until April 13. We decline to chronicle the flurry of memos that passed among those involved from September 1986 until plaintiff was terminated in July 1987.
 
 
 5
 Plaintiff maintains he provided adequate medical justification for sick leave taken on March 31 and from April 2 through April 10, 1987. He rejects as unwarranted the criticism that he did not perform his job. He claims he was terminated because he is Hispanic and because he pursued EEO remedies against his employer.
 
 Administrative Review
 
 6
 We review plaintiff's nondiscrimination claims on the administrative record. Id. at 180. We must uphold the MSPB decision unless it is:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. Sec. 7703(c). We may not substitute our judgment for that of the MSPB. Wilder v. Prokop, 846 F.2d 613, 619 (10th Cir.1988). "Under the arbitrary and capricious standard the MSPB's decision needs only to have a rational basis in law." Id. at 620.
 
 
 11
 Plaintiff argues on appeal that MSPB's decision was not in accordance with law. Relying on 5 C.F.R. Sec. 630.401 and Wade v. Department of Navy, 829 F.2d 1106 (Fed. Cir.1987), plaintiff argues that an employee must be granted sick leave when sick leave is requested due to illness and the employee has accrued sufficient sick leave to cover the requested time off. Sick leave is available, however, only when the employee actually received medical treatment or was incapacitated for the performance of duties by illness. 5 C.F.R. Sec. 630.401. Here, the BLM received a medical opinion that plaintiff was not incapacitated for work on the dates in question. Our limited scope of review does not permit us to weigh the medical evidence. Under these circumstances, we cannot say the MSPB's decision upholding the BLM's denial of sick leave was not in accordance with law.
 
 
 12
 Plaintiff also argues the MSPB's decision was arbitrary and capricious and an abuse of discretion because the BLM was required to offer rehabilitation to plaintiff before discharging him, the BLM should have given plaintiff a chance to improve, the BLM should have demoted plaintiff rather than discharge him, and discharging plaintiff was too harsh a penalty. Based on the administrative record, and considering our limited scope of review, we conclude that the MSPB's decision has a rational basis in law and is supported by substantial evidence. Therefore we must affirm the MSPB.
 
 Discrimination and Retaliation Claims
 
 13
 The trial on plaintiff's discrimination claims was held in December 1991. At the conclusion of plaintiff's evidence, the district court granted defendant's motion for judgment pursuant to the version of Fed.R.Civ.P. 41(b) then in effect,[2] on the ground that plaintiff did not establish a prima facie case of racial discrimination or retaliation.
 
 
 14
 We will not disturb the district court's findings of fact made under former Rule 41(b) unless they are clearly erroneous. Alires v. Amoco Prod. Co., 774 F.2d 409, 413 (10th Cir.1985)(citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-76 (1985)). The district court's conclusions of law are reviewed de novo. Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1504 (11th Cir.1993).
 
 
 15
 A prima facie case of racial discrimination requires plaintiff to prove by a preponderance of the evidence: (1) he is a member of a protected minority, (2) he was qualified for the job; (3) despite his qualifications he was terminated, and (4) after he was terminated, the job remained open and the employer sought applicants whose qualifications were no better than his. Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 977 (10th Cir.1991).
 
 
 16
 To make a prima facie case of retaliation, a plaintiff must prove: (1) protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer; and (3) a causal connection between the protected activity and the adverse action. Williams v. Rice, 983 F.2d at 181.
 
 
 17
 Plaintiff asserts he met his burden of proving a prima facie case by showing (1) adverse employment actions occurred following plaintiff's exercise of his EEO rights, (2) in the New Mexico BLM, Hispanics occupied fewer upper-level positions than whites, and received fewer "accretion of duties" promotions than whites, (3) plaintiff's supervisors were prejudiced against Hispanics and generally disregarded EEO matters, and (4) the stated reasons for terminating plaintiff were not worthy of credence.
 
 
 18
 The district court found no evidence that plaintiff was discriminated against on the basis of race, a finding well supported by the record. Although plaintiff's supervisor was abusive, the uncontroverted evidence established that he was abusive to everyone, regardless of race. The evidence that some of the participants in plaintiff's case harbored racial attitudes either was not attributable to anyone making a decision about plaintiff's employment, or was too remote in time to be relevant. Moreover, the evidence that Hispanics occupied lower-level positions than whites in the New Mexico BLM did not take into account the qualifications of the employees.
 
 
 19
 For his retaliation claim, it is not disputed that plaintiff participated in protected opposition to discrimination or that he suffered adverse action by his employer. He claims the requisite "causal connection" exists because on several occasions the BLM took adverse action shortly after plaintiff invoked his EEO rights. We recognize that adverse action taken shortly after participation in protected activity can contribute to a finding that there was a causal link. See Daniel v. Loveridge, 32 F.3d 1472, 1475, 1476 (10th Cir.1994)(employee fired four days after she complained of sexual harassment; employer admitted complaint was one factor in firing employee). Here, however, plaintiff's characterization of his supervisor's actions as reprisal for protected activity is not controlling. For example, plaintiff alleges the March 25 request that he provide additional documentation for his March sick leave was in reprisal for the EEO counseling on March 24. The request was made shortly after plaintiff returned to work from his March sick leave, a legitimate time to make such a request. Plaintiff has failed to establish a causal connection either through the timing of adverse action or other evidence of reprisal. Therefore, we conclude the district court's findings of fact are not clearly erroneous, and the conclusions of law are correct.
 
 
 20
 We perceive no abuse of discretion in the district court's challenged evidentiary ruling. Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 960 (10th Cir.1993). Because we affirm the judgment, we do not address plaintiff's remaining arguments.
 
 
 21
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Fed.R.Civ.P. 41(b) was changed in 1991, deleting language from Rule 41(b) authorizing use of this rule for "terminating a non-jury action on the merits when the plaintiff has failed to carry a burden of proof in presenting the plaintiff's case." Fed.R.Civ.P. 41 advisory committee's note (1991). This device is now found in Rule 52(c). Id