UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 4/22/96**

DENNIS L. FONTELROY,                              )
                                                  )
      Plaintiff-Appellant,                      )
                                                  )
v.                                                )      No. 95-3293
                                                  )  (D.C. No. 95-CV-2111)
DAY & ZIMMERMAN, INC.,                            )      (D. Kan.)
                                                  )
      Defendant-Appellee.                       )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

---

     Plaintiff Dennis Fontelroy appeals from the district court's order granting defendant

Day & Zimmerman's (DZI) motion for summary judgment. Plaintiff brought this action

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

under Title VII, 42 U.S.C. §§ 2000e through 2000e-17, claiming that DZI established and implemented a nonbona fide seniority system and layoff plan which impermissibly operated to deprive him of his job on the basis of race. In addition, plaintiff claimed that DZI maintained a hostile work environment and that he was harassed in the workplace because of his race and because he filed an EEOC complaint.

On appeal, plaintiff specifically challenges the district court's rulings (1) that DZI's seniority system was a bona fide seniority system and (2) that DZI did not maintain a racially hostile work environment. Because the parties are well aware of the facts of the case and they are well-summarized in the district court opinion, we will not repeat them here.

Our review of a grant of summary judgment is de novo and we apply the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury." Williams v. Rice, 983 F.2d. 177, 179 (10th Cir. 1993). In other words, the nonmoving party must "make a showing sufficient to establish an inference of the existence of each element essential to the case." Bolden v. PRC Inc., 43 F.3d 545, 548 (10th Cir. 1994), cert. denied, 116 S. Ct. 92 (1995).

2

I.

Plaintiff claims that the district court erred in finding that DZI's seniority system was a bona fide seniority system. The Supreme Court has made it clear that seniority systems are afforded special treatment under Title VII and that a finding of actual intent to discriminate is a prerequisite to liability. See Lorance v. AT & T Technologies, Inc., 490 U.S. 900, 904-05 (1989)(overruled on other grounds by Civil Rights Act of 1991, see 42 U.S.C. § 2000e-5(e)(2)). After reviewing the record and pertinent law, we agree with the district court's conclusion that plaintiff offered no evidence to show that DZI enacted its seniority system with the intent to discriminate on the basis of race. Accordingly, the district court correctly granted DZI summary judgment on this claim. See id.

II.

Plaintiff claims that the district court erred in finding that DZI did not maintain a racially hostile work environment. To survive DZI's motion for summary judgment, plaintiff had to present facts to support a conclusion that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus." Bolden, 43 F.3d at 551 (citation omitted). We agree with the district court that plaintiff falls far short of making such a showing. The record on appeal includes evidence of no more than a

3

handful of unrelated incidents where plaintiff and Captain Comer were at odds. R. at137-38, 138(a), 144-50, 152-53. There is no evidence that any of the incidents stemmed from racial animus. Only Captain Comer's use of the term "boy" with reference to plaintiff could even arguably be characterized as having any racial implications at all. However, we agree with the district court's conclusion that "[p]laintiff's list of grievances does not . . . by any stretch of the imagination, portray a working environment that was 'permeated' with 'intimidation, ridicule, and insult' or a 'steady barrage' of opprobrious racial comments, as the Bolden decision requires." District court's September 7, 1995 memorandum and order at 14.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

4