F I L E D
United States Court of Appeals
Tenth Circuit

AUG 20 1999

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

VICTOR A. STEPHENS,

       Plaintiff-Appellant,

v.

CITY OF TOPEKA, KANSAS;
TOPEKA HOUSING AUTHORITY,

       Defendant-Appellee.

No. 99-3055
(D.C. No. 97-CV-2527-GLR)
(D. Kan.)

ORDER AND JUDGMENT   *

Before **BALDOCK** , **BARRETT** , and **McKAY** , Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Victor A. Stephens appeals pro se from the district court's grant of summary judgment in favor of defendant on his Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981 claims. [1] Plaintiff alleges in his complaint that he was discriminated against on the basis of his race and national origin when he was terminated from his position as Deputy Director of the Topeka Housing Authority with defendant City of Topeka, Kansas. In addition, plaintiff alleges that defendant unlawfully retaliated against him for filing a discrimination lawsuit against a former employer, the City of Columbia, Missouri. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We review the district court's grant of summary judgment de novo and apply the principles set forth in Fed. R. Civ. P. 56(c). See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). In particular, Rule 56(c) instructs that summary judgment is appropriate when the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "'We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties waived their right to proceed before a district court judge and consented to have the case referred to a magistrate judge for final disposition.

submission of the case to a jury.'" Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir. 1997) (quoting Williams v. Rice, 983 F.2d 177, 179 (10th Cir. 1993)).

Plaintiff argues on appeal that the district court erred in granting summary judgment because plaintiff showed that defendant's proffered reasons for terminating him, i.e., substandard work performance and causing poor work morale, were pretextual. [2] In addition, plaintiff challenges the district court's finding that plaintiff was not terminated in retaliation for filing a discrimination lawsuit against his former employer. Plaintiff's appeal is based on his assertion that the district court erred in deciding facts. Plaintiff does not challenge the district court's application of the law.

In his opening brief to this court, plaintiff relies heavily on some of the exhibits attached to a document captioned "Response to Summary Judgment and Petition to Appeal." See R., Vol. II, Doc. 61. Significantly, this document was filed with the district court after it issued its decision granting summary judgment. Plaintiff's challenge of the district court's factual findings on

---

[2] Plaintiff's opening brief does not discern between his race-based and national origin-based discrimination and retaliation claims. Defendant contends that plaintiff has waived his race-based claims because plaintiff states in his brief to this court that "'he was terminated based upon his national origin, Jamaican,' and 'he was discriminated against for bringing a lawsuit against a former employer'" and does not reference his race-based claims. Appellee's Br. at 1-2 (quoting Appellant's Opening Br. at 1). Because of our disposition of this appeal, we need not determine whether plaintiff has waived his race-based claims.

appeal turns on these exhibits, which fall generally into two categories: (1) letters/witness statements attesting to plaintiff's good character and good work performance; and (2) work-related documents which plaintiff alleges demonstrate he was fulfilling his duties as Deputy Director of the Topeka Housing Authority. Our review of the record shows that the exhibits attached to plaintiff's "Response to Summary Judgment and Petition to Appeal" were not presented by either party to the district court. Notably, with one exception, the letters/witness statements referenced in plaintiff's opening brief and attached to the "Response to Summary Judgment and Petition to Appeal" are dated after the district court's January 15, 1999 memorandum and order granting summary judgment. Because the evidence plaintiff relies on in making his arguments on appeal was not before the district court, we do not consider it on appeal. See John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994) (holding that reviewing court cannot consider evidence before it on appeal of summary judgment motion that was not before the district court).

We have reviewed the record before the district court and have concluded that the district court's disposition was correct. The district court's memorandum and order is thorough and contains a detailed analysis of plaintiff's claims as well as the evidence in the record. We need not add anything to the district court's decision and, consequently, we affirm the grant of summary judgment for

substantially the reasons stated in the district court's January 15, 1999 memorandum and order.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge