**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

ESTELLA M. GEARHART,

     Plaintiff-Appellant,

v.

SEARS, ROEBUCK AND
COMPANY; ROBERT SCHROEDER,

     Defendants-Appellees.

No. 98-3325
(D.C. No. 97-2456-GTV)
(D. Kan.)

---

ORDER AND JUDGMENT   *

---

Before **BALDOCK** , **BARRETT** , and **McKAY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Estella M. Gearhart filed suit against defendants, her former employer, Sears, Roebuck & Company (Sears), and her former supervisor, Robert Schroeder (Schroeder), alleging: (1) gender-based claims in violation of Title VII, 42 U.S.C. §§ 2000e to 2000e-17, and the Equal Pay Act, 29 U.S.C. § 206; (2) hostile work environment sexual harassment; (3) disability-based discrimination and harassment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 - 12213; (4) age-based discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 - 634; (5) medical leave denial and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 - 2654; and (6) state law claims of defamation, negligent infliction of emotional distress, and retaliatory discharge. [1] The district court granted summary judgment in favor of defendants on all grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiff was employed by Sears for twenty-three years and, in the last years of her employment, was under Schroeder's supervision in Sears' Contract Sales Regional Office in Overland Park, Kansas. Part of plaintiff's responsibilities included purchasing office supplies and equipment from OfficeMax (an office

---

[1] In addition, plaintiff brought her gender discrimination, sexual harassment, and ADA claims under the Kansas Act Against Discrimination, Kan. Stat. Ann. §§ 44-1001 to -1044. The district court did not address these claims separately because the federal statutes are analogous, therefore the analysis is the same under both federal and Kansas law.

supply store with which Sears has an account), reconciling OfficeMax invoices with purchases, and approving payments to OfficeMax. It is not disputed that plaintiff purchased office equipment and supplies--paid for on the Sears account pursuant to plaintiff's approval--which she used at home. According to plaintiff, most of her purchases were either explicitly or implicitly condoned by Schroeder so that she could set up a "home office."

On Friday, October 25, 1996, Schroeder confronted plaintiff with some OfficeMax statements and invoices and asked to see the merchandise reflected in those documents. Included were two cordless telephones which she admitted were for her personal use. At his request, plaintiff told Schroeder she would gather her canceled checks to show that she had paid for the office equipment and supplies at issue. That evening, she wrote Schroeder a handwritten note stating, among other things, "I also feel in my heart it is in the best interest of Sears, if I leave [and] will write a letter." [2] Appellee's Supp. App. at 97. The following day, she delivered the note to Schroeder, copies of checks to OfficeMax, a personal check made out to Sears for $3,000, and some supplies and equipment to her co-worker, Mary Zellers (Zellers). Zellers left a voice mail message for Schroeder informing him of plaintiff's actions and that plaintiff would not be coming back to work. On Monday, plaintiff called Zellers requesting one week's

---

[2]     In her note, plaintiff also stated she felt her purchases were justified.

vacation so that her health insurance coverage would last through the end of November. Schroeder approved this request and called Sears' human resources manager asking plaintiff be removed from Sears' payroll as of November 1, due to her voluntary resignation.

Shortly thereafter, plaintiff went to her psychiatrist who recommended she take thirty days off because of her depression. Plaintiff faxed Sears' human resources office in Georgia a request for thirty days' leave. She earlier alerted Zellers by voice mail of her request. On Zellers' note informing him of plaintiff's request, Schroeder wrote "change status Este[lla]." Appellant's App. at 200. Schroeder later clarified to Sears' human resources personnel that plaintiff was no longer on the payroll. Sears never responded to her request for medical leave.

Plaintiff then initiated this action. On defendants' motion for summary judgment, the district court disposed of all of her claims as follows. The district court held that plaintiff failed to make a prima facie case of gender-based discrimination under Title VII for failure to promote because in both instances when she applied, women, not men, were promoted instead of her. The district court found that plaintiff failed to make a prima facie case under the Equal Pay Act because she did not present evidence that males received higher pay for similar work. As to her gender harassment claim, the district court found that, although there were jokes told on occasion of a sexual nature (which it deemed

inappropriate conduct), the evidence was not sufficient for a reasonable jury to find an objectively hostile or abusive work environment.

Regarding her ADA claims, premised on carpal tunnel syndrome and depression, the district court found that plaintiff failed to raise a genuine issue of material fact of disability because neither condition substantially limits her ability to perform one or more major life activity. Since she did not establish a prima facie case of discrimination the district court did not need to reach the issue of pretext under the McDonnell Douglas burden shifting analysis. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). The district court nevertheless noted that plaintiff failed to offer any evidence to refute defendants' legitimate nondiscriminatory reason for terminating her (i.e., Schroeder's belief that she voluntarily resigned based on her October 25 note). Rather, the court pointed out that her note to Schroeder as well as her own conduct belied her unsubstantiated assertions of pretext. The district court then held that her disability harassment claim failed because she did not establish a disability nor did she present evidence of severe or pervasive conduct.

Defendants conceded that plaintiff met her prima facie case under the ADEA for age-based discrimination. The district court, however, held that she failed to show a genuine issue of material fact regarding defendants' proffered reason for terminating her (voluntary resignation). Although she came forward

with one discriminatory comment relating to age (made by Schroeder about another Sears employee), the district court found that, under well-established law, an isolated comment is not sufficient to establish pretext.

As to plaintiff's claim under the FMLA for medical leave denial, the district court explained that her rights under that statute expired once she voluntarily resigned. [3] Plaintiff also claims defendants retaliated against her for requesting medical leave by discharging her and cutting off her communication with Zellers. While the district court acknowledged that the proximity between her leave request and the initiation of her termination could create an inference of pretext, it held that her voluntary resignation trumped any inference thereby created. In addition, although Sears did have Zellers sign a confidentiality agreement six months after plaintiff requested medical leave, the district court held that such evidence by itself was insufficient to establish a causal connection and, hence, a prima facie case of FMLA retaliation.

---

[3] Plaintiff attaches great weight to the date on which Sears actually terminated her employment. This date is immaterial; the significant action is plaintiff's voluntarily resignation which was prior to her request for medical leave. See Gunnell v. Utah Valley State College, 152 F.3d 1253, 1262 (10th Cir. 1998) (stating that "an employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request").

The district court rejected plaintiff's state law claim for defamation, finding that the allegedly defamatory statement was both true and privileged, hence, plaintiff had no defamation claim.   [4]   The district court found that plaintiff's second state law claim, negligent infliction of emotional distress, failed because her alleged depression and crying spells did not reach a level sufficient to constitute actual  physical  injury as required under Kansas law.  Last, the district court dismissed her state law retaliatory discharge claim, finding that she had an adequate federal remedy.

Plaintiff raises many errors on appeal.  She contends that the district court erred by finding that defendants did not terminate her because of: (1) her claimed disability; (2) her intent to take medical leave; and (3) her age and/or gender. Plaintiff also contends that the district court erred in finding that she did not suffer sexual harassment in the workplace.  Next, she contends that the district court erred by rejecting her assertion that defendants' proffered reason for terminating her, i.e., her voluntary resignation, was pretextual.  In support of pretext, plaintiff argues that the district court erred in holding that her October 25, 1996 note to defendant Schroeder was a resignation and erred by ruling that defendants terminated her on October 28, 1996 (when Schroeder

---

[4]     Plaintiff asserts that she was defamed when Schroeder told a Sears manager that she had misused Sears' credit card.

-7-

received her note). Last, regarding her state claims, plaintiff contends the trial court erred by finding defendants did not make defamatory comments about her, she was not damaged by the allegedly defamatory comments, and she did not suffer negligent infliction of emotional distress.

We review the district court's grant of summary judgment de novo and apply the principles set forth in Fed. R. Civ. P. 56(c). See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). In particular, Rule 56(c) provides that summary judgment is appropriate when the record demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "'We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury.'" Aramburu v. Boeing Co., 112 F.3d 1398, 1402 (10th Cir. 1997) (quoting Williams v. Rice, 983 F.2d 177, 179 (10th Cir. 1993)).

We have reviewed the district court's memorandum and order, the record before us on appeal, and the relevant legal principles and case law. We need not add anything to the district court's correct decision which contains a thorough legal analysis and discussion of the evidence before that court. Accordingly, we affirm the district court's grant of summary judgment for substantially the reasons stated in the district court's October 19, 1998 memorandum and order.

The judgment of the United States District Court for the District of Kansas

is AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge