**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALLISON A. WELDER, Ph.D.,

Plaintiff-Appellant,

v.

UNIVERSITY OF OKLAHOMA
BOARD OF REGENTS, ex rel.,
State of Oklahoma, a constitutional
state agency,

Defendant-Appellee.

No. 99-6430
(D.C. No. 98-CV-1528-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff is a tenured professor in the University of Oklahoma's College of Pharmacy. She brought suit against defendant, alleging that the University violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 through §2000e-17, in two respects: it discriminated against her because her salary was lower than that of male professors, and it retaliated against her for opposing the inequity. The district court granted summary judgment in favor of defendant, ruling that plaintiff failed to make a *prima facie* case on either claim. On appeal, we review the district court's summary judgment ruling *de novo*, viewing the evidence in the light most favorable to plaintiff. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996). Because our review shows that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law, we affirm. *See id.*

Our analysis of the claims presented in this appeal is driven by the burden-shifting structure applicable in Title VII cases. "[T]he initial burden is on the employee to make a *prima facie* showing of discrimination." *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997) (quotation omitted). "Only when such a showing has been made does the burden shift to the employer to articulate some legitimate, nondiscriminatory reason for the questioned action. If the employer meets this burden, the employee must show that the stated reason is actually a pretext for prohibited discrimination." *Id.* (quotation omitted).

Plaintiff's first claim is that the University discriminated against her by paying her a lower salary than male professors in her College. To establish a *prima facie* case of discriminatory compensation under Title VII, plaintiff must present evidence that similarly-situated males received a higher salary than she did. *Amro v. Boeing Co.*, No. 99-3281, 2000 WL 1701403, at *7 (10th Cir. Nov. 14, 2000). We agree with the district court's assessment of the evidence in this case: it does not show that plaintiff was treated less favorably than males in any fiscal year, except 1996/1997. And with respect to that year, as the district court found, the evidence does not show that plaintiff was similarly-situated to any male who received higher pay. In addition, we note that even if plaintiff had established a *prima facie* case of pay discrimination as to any year, she has not pointed us to any evidence tending to show that the University's reasons for any disparity were pretextual. [1]

Next, plaintiff argues that the University discriminated against her in retaliation for voicing her claims of disparate compensation. Again, plaintiff

---

[1] We have considered plaintiff's pay discrimination claim on the merits, despite the fact that her only appellate argument on this issue is that the district court applied the wrong standard to her claim. Appellant's Br. at 21 (arguing "the District Court improperly imposed the more onerous 'equal work' requirement of the Equal Pay Act," as opposed to the "similarly-situated" Title VII requirement). We disagree with plaintiff's argument. It is apparent that the district court applied the correct legal standard and determined that plaintiff did not show she was similarly situated to male employees who received higher pay.

must first establish a *prima facie* case. A *prima facie* case of retaliation requires three showings: (1) protected opposition to Title VII discrimination; (2) adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action. *Bullington v. United Airlines, Inc.*, 186 F.3d 1301, 1320 (10th Cir. 1999). The district court examined each of the alleged instances of retaliation and concluded that none of them constituted an adverse employment action and, even if they did, plaintiff did not show a causal connection.

On appeal plaintiff identifies seven instances of alleged retaliation and argues that, taken together, they establish a "pattern of retaliatory harassment by supervisors and co-workers." Appellant's Br. at 19. [2] We agree with the district court that five of the seven instances simply do not constitute an adverse employment action, even under this court's liberal case-by-case approach to determining whether something is an adverse employment action. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1264 (10th Cir. 1998). Guiding this

---

[2] We note that plaintiff complains that the district court focused on each individual instance of alleged retaliation, instead of considering the aggregate effect. In her response to the summary judgment motion, however, plaintiff also focused on each instance individually and did not argue (as she does on appeal) that the aggregate effect was a pattern of retaliatory harassment. The point is not relevant, however, because the district court reached the correct result under either approach: plaintiff's evidence does not establish a *prima facie* case of retaliation on any individual instance, and neither does it show that the events considered together rise to the level of an adverse employment action.

case-by-case analysis is the general principle that an adverse employment action is one that "alters the employee's compensation, terms, conditions, or privileges of employment, or adversely affects his or her status as an employee." *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 857 (10th Cir. 2000) (quotations omitted). On the other hand, the definition "does not extend to a mere inconvenience or an alteration of job responsibilities." *Id.* (quotations omitted).

Specifically, plaintiff has not established that any of the following five events rise to the level of an adverse employment action: (1) Dr. Hornbrook's request that plaintiff stop bringing her dogs to work with her in the academic buildings of the University; (2) Dean Buckner's request that she stop selling items commercially related to her canine therapy activities because of the undue pressure on students and other subordinates to make a purchase; (3) the alleged monitoring by a secretary of plaintiff's hours; (4) revocation of her travel grant

benefits associated with the Drug and Substance Abuse Assistance Program;[3] and (5) exclusion from faculty committee appointments.[4]

Two instances of alleged retaliation remain: (1) plaintiff was not among those faculty members chosen to teach a new class;[5] and (2) she was not permitted to continue participating in the Prevention Research Center grant associated with the Chickasaw Nation's summer camp. With regard to the first allegation, even assuming this action adversely affected plaintiff's employment, we agree with the district court that she has failed to show a causal connection between the adverse action and her protected opposition to claims of disparate pay. Plaintiff takes issue with the district court's analysis on this allegation, complaining that the district court improperly added a fourth requirement to the *prima facie* case: that

[3]     The evidence plaintiff points to on this event is an e-mail memorandum from Keith Swanson detailing his concern that plaintiff did not intend to comply with the paperwork requirements to obtain travel grants. This memorandum does not establish that plaintiff's travel grant benefits were revoked. In the argument section of her appellate brief on this point, plaintiff identifies the retaliatory action as revoking her travel benefits associated with the directorship of the program. Appellant's Br. at 20. But in the "argument summary" section of her brief, she characterizes the action as "withdrawing [her] responsibilities associated with the directorship" of the program. *Id.* at 11. The only evidence she cites on the matter is the Swanson email, however, which establishes neither allegation.

[4]     As the district court correctly found, the record shows that plaintiff was not excluded from committee appointments, but was, in fact, appointed to the committee of her choice.

[5]     Plaintiff also ties an allegation that she was denied research opportunities into this claim, but the evidence she cites does not support that allegation.

plaintiff must show that the acting party knew of her protected activity when he acted. However, evidence of the acting party's knowledge is essential to establishing a causal connection between the adverse action and the protected activity, and that is the context in which the district court noted its absence. *See Williams v. Rice,* 983 F.2d 177, 181 (10th Cir. 1993). Plaintiff has not directed us to any record evidence showing that Dr. Reinke knew of plaintiff's protected activity when he declined to select her to teach a new class. Absent this evidence, there is no causal connection.

Finally, plaintiff cannot succeed on her remaining alleged instance of retaliation because, even assuming removing her from the Prevention Research Center grant was an adverse action connected to the protected activity, plaintiff presented no evidence of pretext. The record shows that plaintiff was removed from this project at the request of the Chickasaw Nation, based on an alleged incident that occurred during the previous summer camp. Although the tribe was unable to verify the alleged incident, it nevertheless requested that plaintiff not participate in the program because the tribe felt that plaintiff's portion of the program was not well-suited to the large group structure of activities at the camp. Thus, the record shows that the University discontinued plaintiff's participation in the program because the Chickasaw Nation's requested the action, and plaintiff has not presented evidence that this explanation was unworthy of belief. *See*

*Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999) (requiring evidence that employer's nondiscriminatory reason for adverse action is unworthy of belief to establish pretext).

The district court was correct in granting summary judgment in favor of defendant. AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge