FILED
United States Court of Appeals
Tenth Circuit

July 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SERGIO E. VALLES,

      Plaintiff-Appellant,

v.

MICHAEL B. DONLEY, Acting
Secretary, Department of the Air
Force,[*]

      Defendant-Appellee.

No. 08-2004
(D.C. No. 1:04-CV-00468-WJ-WPL)
(D. New Mexico)

**ORDER AND JUDGMENT**[**]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

      Sergio E. Valles was an operations research analyst for the United States

Air Force when he was terminated in 2003. Mr. Valles contested his termination

---

[*]      On June 21, 2008, Michael B. Donley became the Acting Secretary of the Department of the Air Force. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Donley is substituted for Michael W. Wynne as the defendant-appellee in this action.

[**]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

through an appeal with the Merit Systems Protection Board (MSPB). After the MSPB upheld his termination, he filed a complaint in federal district court asserting that he was discriminated against in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA). He also sought review of the MSPB's decision upholding his termination. Mr. Valles now appeals from the district court's orders granting summary judgment in favor of the Air Force on his discrimination claims and affirming the MSPB's termination decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I. BACKGROUND

Mr. Valles began working as an analyst for the United States Government in 1984. In October 1999 he started a new position as an operations research analyst for the Air Force Operational Test and Evaluation Center (AFOTEC). In his first performance appraisal at AFOTEC in April 2000, he received a "superior" rating from his supervisor, Timothy Poole. Around September 2000 a reorganization took place and Major Darrell Wright replaced Major Poole as Mr. Valles's supervisor. For Mr. Valles's annual performance rating for 2000-2001, Major Wright gave him an overall performance rating of "fully successful," two categories below a "superior" rating. On August 15, 2001, Mr. Valles filed an Equal Employment Opportunity ("EEO") complaint related to this evaluation, alleging discrimination on the basis of age, race, and national origin.

In June 2001 Major Jeffrey McDonald replaced Major Wright as Mr. Valles's supervisor. Major McDonald prepared an out-of-cycle performance appraisal in March 2002 and gave Mr. Valles an "unacceptable" rating. The next day Major McDonald issued a memorandum to Mr. Valles informing him that he was failing to meet critical elements of his performance plan and that he was being placed on a Performance Improvement Plan (PIP). The PIP explained that there were three major areas of concern with Mr. Valles's performance: "an observed inability to work independently, lack of technical competence, and ineffectiveness in communicating both orally and in writing." Aplee App. at 24. To allow Mr. Valles to demonstrate acceptable performance, the PIP assigned him two tasks to complete. First, he was required to formulate recommendations for the division's strategy concerning urban targets and then present the results in an annotated briefing for the division. Second, he was required to formulate strategy for development of the division's directed-energy weapons testing and then present the results in a talking-paper format.

Initially, Mr. Valles was given 90 days to improve his performance, but the duration of the PIP was later extended to 142 days. During the PIP period, Major McDonald conducted seven feedback sessions with Mr. Valles and prepared a memorandum reflecting what had occurred during each session. After the final session Major McDonald prepared a detailed memorandum addressed to

Mr. Valles that provided him with extensive comments and suggestions for improving his talking paper.

Two days later, on June 6, 2002, Mr. Valles filed a second EEO complaint, which he understood to be an amendment to his August 2001 complaint. On August 19 Major McDonald prepared two separate memoranda evaluating Mr. Valles's talking paper and his annotated briefing. Major McDonald rated Mr. Valles's performance under the PIP on these two projects as less than "fully successful."

On October 4 Mr. Valles filed a complaint in federal district court, alleging age and national-origin discrimination, as well as retaliation, based on the Air Force's treatment of him before his termination.[1] On October 7 the Air Force issued Mr. Valles a "Notice of Proposed Removal" for unsatisfactory performance, explaining the reasons for Mr. Valles's proposed removal. Mr. Valles was given the opportunity to respond to the notice and he did so. On January 6, 2003, the Air Force issued Mr. Valles a "Notice of Decision to Remove," which became effective on January 11.

After his termination Mr. Valles filed an appeal with the MSPB. The MSPB upheld the Air Force's decision to remove him for unsatisfactory performance and found that he had failed to demonstrate that his removal resulted

---

[1] This case (Civil No. 02-1253) was later dismissed by stipulation of the parties.

from discrimination. Mr. Valles then filed a complaint in federal district court alleging discrimination under Title VII and the ADEA (the discrimination claims) and appealing the MSPB's decision that his termination was proper (the nondiscrimination claims). The Air Force moved for summary judgment on the discrimination claims, which the district court granted. The district court then ordered separate briefing on the nondiscrimination claims and ultimately affirmed the MSPB's decision. Mr. Valles appeals from the district court's orders granting summary judgment in favor of the Air Force on the discrimination claims and upholding the MSPB's decision on the nondiscrimination claims.

## II.    DISCUSSION

### A.    The Discrimination Claims

We review de novo the district court's summary-judgment ruling. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Mr. Valles argues in very general terms that the district court erred in granting summary judgment in favor of the Air Force because there were material issues of fact in dispute. Based on our review of the briefs, the record, and the applicable legal authority, however, we conclude that the district court correctly determined that Mr. Valles had failed to create an issue of fact as to whether the

reasons for his termination were pretextual. Accordingly, we affirm the district court's decision on the discrimination claims for substantially the same reasons set forth in its thorough and well-reasoned Memorandum Opinion and Order entered October 11, 2005.

### B.    The Nondiscrimination Claims

We review the MSPB's decision on the nondiscrimination claims on the administrative record. *See Williams v. Rice*, 983 F.2d 177, 179-80 (10th Cir. 1993). The MSPB's decision must be upheld unless it is "'(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.'" *Id*. at 180 (quoting 5 U.S.C. § 7703(c)).

Mr. Valles argues that "a careful review of the *evidence* reveals that the MSPB judge's decision was arbitrary, capricious, represents an abuse of discretion, and was supported neither by law nor by substantial [evidence]." Aplt. Br. at 52 (emphasis added). But Mr. Valles failed to submit the administrative record to this court. Because Mr. Valles is arguing on appeal that the evidence does not support the MSPB's decision, *see id*. at 52, 54, he "must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). We are not required to "remedy any failure by counsel to designate an adequate record. When the party asserting an

-6-

issue fails to provide a record sufficient for considering that issue, [we] may decline to consider it." 10th Cir. R. 10.3(B). Because of Mr. Valles's failure to supply the administrative record, we cannot review his contention that the evidence shows that the MSPB's decision was arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence. Accordingly, we affirm the MSPB's decision on Mr. Valles's nondiscrimination claims. *See, e.g.*, *Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979-80 (10th Cir. 1992) (affirming the district court's decision because the court could not review the issues raised on appeal in the absence of an adequate record).

## III.  CONCLUSION

We AFFIRM the judgment of the district court granting summary judgment in favor of the Air Force on the discrimination claims and we AFFIRM the judgment of the district court affirming the decision of the MSPB on the nondiscrimination claims.

Entered for the Court


Harris L Hartz
Circuit Judge