**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 18 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

PHILLIP G. DAUGHERTY,

Plaintiff - Appellant,

v.

TOMMY G. THOMPSON, Secretary
of Department of Health & Human
Services; and DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

Defendants - Appellees.

No. 02-7015

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. NO. 01-CV-168-P)

---

Submitted on the Briefs:

Steven M. Angel, Angel & Associates, LLC, Oklahoma City, Oklahoma, for
Plaintiff - Appellant.

Sheldon J. Sperling, United States Attorney, and Jeanette Windsor, Assistant
United States Attorney, Muskogee, Oklahoma, for Defendants - Appellees.

---

Before **KELLY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

This case is a "mixed case" under the Civil Service Reform Act, 5 U.S.C. § 7702, involving an appeal to the Merit Systems Protection Board ("MSPB") from an adverse personnel action, coupled with an allegation that the adverse personnel action was based upon prohibited discrimination. Plaintiff/appellant, Phillip G. Daugherty, invoking Title VII, 42 U.S.C. § 2000e–2000e-17, and the Rehabilitation Act, 29 U.S.C. § 794, appeals the district court's grant of summary judgment to defendant Tommy G. Thompson, Secretary of the Department of Health & Human Services, on Daugherty's claim that he was ultimately removed from employment based on discrimination because of disability and in retaliation for his challenge of his initial removal. Daugherty also appeals the denial of his motion for partial summary judgment on his claim that the MSPB's decision upholding his removal was arbitrary and capricious, contrary to law, and unsupported by substantial evidence. [*] We affirm.

**BACKGROUND**

In 1982, while serving in the Marine Corps, Daugherty was convicted of the following violations of the Uniform Code of Military Justice: (1) Article

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

128–assault; (2) Article 134–(a) unlawful entry into quarters and (b) breaking and entering quarters with intent to commit an assault; and (3) Article 134–indecent assault with intent to gratify his lust and/or sexual desires and being drunk and disorderly.  At that time, Daugherty was an alcoholic.  Daugherty left the Marine Corps in 1983.  In 1987, Daugherty received treatment for his alcoholism and has apparently remained sober ever since.

Daugherty was initially employed by the federal government as a security guard from 1983 to 1984.  As part of that initial federal employment, the Office of Personnel Management conducted a background check of Daugherty.  That background investigation revealed the military offenses described above.  In 1984, Daugherty left the employment of the federal government and began working as a nurse.

On November 28, 1990, Congress passed the Indian Child Protection and Family Violence Prevention Act, 25 U.S.C. §§ 3201-11.      [1]   Under the Act:

> The Secretary [of the Interior] and the Secretary of Health and Human Services shall–
>
> (1) compile a list of all authorized positions within their respective departments the duties and responsibilities of which involve regular contact with, or control over, Indian children,
> (2) conduct an investigation of the character of each individual who is employed, or is being considered for employment, by the

---

[1]The Act was amended on December 27, 2000.  We refer to the 1994 version of the Act, which was in effect during the time relevant to this case.

respective Secretary in a position listed pursuant to paragraph (1), and

      (3) prescribe by regulations minimum standards of character that each of such individuals must meet to be appointed to such positions.

25 U.S.C. § 3207(a). The Act further provides that:

> The minimum standards of character that are to be prescribed under this section shall ensure that none of the individuals appointed to positions described in subsection (a) of this section have been found guilty of, or entered a plea of nolo contendere or guilty to, any offense under Federal, State or tribal law involving crimes of violence; sexual assault, molestation, exploitation, contact or prostitution; or crimes against persons.

25 U.S.C. § 3207(b). At the time relevant to this case, HHS had proposed regulations implementing the Act, but they were not finalized and in effect. HHS created a non-exclusive list of positions subject to the Act and published it in October 1994, and updated it in March 1997. Among the positions listed as having regular contact with children was that of nurse.

In 1996, Daugherty began working for the Oklahoma City Area Indian Health Service ("IHS") as a clinical nurse, designated a GS-0610-09, at the W.W. Hastings Indian Hospital in Tahlequah, Oklahoma. The IHS is an agency under HHS. As part of his application for employment, Daugherty was required to complete a form containing the following two questions:

    1)    Have you ever been arrested for or charged with a crime involving a child?

2) Have you ever been found guilty of, or entered a plea of nolo contendere (no contest) or guilty to, any offense under Federal, State, or tribal law involving crimes of violence, sexual assault, molestation, contact or prostitution, or crimes against persons?

Daugherty responded "No" to each question. Appellant's App. Vol. II at 449. Daugherty received good evaluations of his work at the hospital. In September, 1998, however, a female patient accused Daugherty of improperly fondling her. The Office of the Inspector General ("OIG") investigated the complaint, and presented the complaint to the Cherokee County District Attorney, who declined to prosecute the case.

Sometime in early 1999, Woodrow Kinney, the Director of the Division of Personnel Management and Training, discovered Daugherty's military record, including his convictions, "among a lot of investigations that had not been processed in our office." Id. at 632. He also discovered that Daugherty had not revealed the existence of those convictions on his application for employment. Accordingly, on February 19, 1999, Kinney sent a memorandum to Daugherty notifying him that the HHS proposed to remove him from federal service because of:

1. Loss of qualifications requirements and ineligibility to perform the duties of the position for which you were hired due to violation of [the Act]

2. Falsification of Application for Federal Employment.

Id. at 440. Daugherty was given ten days in which to respond. After receiving and considering Daugherty's oral responses, on March 26, 1999, Luke McIntosh, the Associate Director of the Office of Administration and Management, informed Daugherty in a memorandum that he would sustain the proposed removal "to promote the efficiency of the service effective close of business March 29, 1999." Id. at 435. Kinney and McIntosh considered moving Daugherty to another position in the Tahlequah service unit that did not involve regular contact with children, but determined that no such position was available.

On April 27, 1999, Daugherty filed an appeal of his removal with the MSPB. He alleged that, during the course of his employment, he had only had contact with children four or five times, that his prior offenses, while serious, were the result of a disability (alcoholism), that he had led a productive and functional life since 1987, and that he had performed well in his job. Thus, he argued, he was wrongfully discharged because of his disability.

An administrative hearing was held on June 28, 1999, and, on August 26, 1999, the administrative law judge ("ALJ") issued a decision reversing the removal decision, concluding that HHS had removed Daugherty based upon its erroneous interpretation of the Act. [2] The ALJ directed that Daugherty be

---

[2]In particular, the ALJ concluded that HHS had relied upon proposed, as opposed to final, agency rules and internal guidelines in determining that

(continued...)

reinstated, which he was in August 1999. The ALJ further found that Daugherty

had failed to establish that HHS's action was discriminatory because of

Daugherty's claimed disability.

---

²(...continued)
Daugherty must be removed, and therefore its decision had "limited persuasive effect." Initial Decision at 16, Appellant's App. Vol. I at 197. Then, the judge noted that "the Act is silent as to whether an adjudicating official has the discretion to consider other factors when determining whether an employee should be removed, pursuant to the Act." Id. The judge further found the legislative history did not resolve the question. The ALJ then turned to certain regulations promulgated by the Department of the Interior, Bureau of Indian Affairs, which were in effect at the time of Daugherty's removal and which, while admittedly not controlling, were promulgated pursuant to the Act. Those regulations directed the adjudicating official to:

> consider prior conduct in light of: (1) [t]he nature and seriousness of the conduct in question; (2) [t]he recency and circumstances surrounding [that] conduct . . .; (3) [t]he age of the individual at the time of the incident; (4) [s]ocietal conditions that may have contributed to the nature of the conduct; (5) [t]he probability that the individual will continue the type of behavior in question; and (6) [t]he individual's commitment to rehabilitation and a change in the behavior in question.

25 C.F.R. § 63.17(f)(1998). Considering those factors, the ALJ determined that Daugherty's prior convictions did "not render him ineligible for employment in the position of Clinical Nurse." Initial Decision at 18, Appellant's App. Vol. I at 199.

The ALJ also concluded that HHS failed to establish that Daugherty had falsified his employment application. The ALJ found Daugherty credible when he testified that he believed he answered the questions on his employment application truthfully because he did not equate military courts with "Federal, State or tribal law" and he did not understand the definitions of "crimes of violence" or "crimes against persons."

HHS appealed that decision to the full MSPB, which consolidated Daugherty's appeal with three others involving similar facts and issues under the Act.[3] The full MSPB affirmed the ALJ's findings and decision with respect to the claimed discrimination, but reversed the ALJ's decision on the proper interpretation of the Act, finding that the ALJ erred in relying on regulations promulgated by the Bureau of Indian Affairs ("BIA") and in finding that the adjudicating agency official had discretion to consider mitigating factors in determining whether § 3207 had been violated.     [4]

Daugherty then appealed his discrimination claim to the Equal Employment Opportunity Commission, which concurred in the decision of the full MSPB. The EEOC found that "the agency's articulated reason for [Daugherty's] removal was based on a statutory requirement which made [Daugherty] ineligible for the position . . . [which was] a legitimate non-discriminatory reason for its action." Daugherty v. Satcher, No. 03A10005, 2001 WL 236919 at *4 (E.E.O.C. 2001). Two of the consolidated appeals which the MSPB considered along with Daugherty's appeal were affirmed by the United States Court of Appeals for the Federal Circuit. Delong v. Dep't of Health & Human Servs., 264 F.3d 1334 (Fed.

---

[3]See Johnson v. Dep't of Health & Human Servs., 86 M.S.P.R. 501 (2000).

[4]HHS apparently did not challenge the propriety of the ALJ's refusal to sustain the charge that Daugherty had falsified his employment application, so the full MSPB did not address the issue.

Cir. 2001); Johnson v. Dep't of Health & Human Servs., No. 00-3435, 2001 WL 706935 (Fed. Cir. June 22, 2001) (unpublished).

Meanwhile, after Daugherty had been reinstated pursuant to the ALJ's decision, and while HHS's appeal of that decision was pending before the full MSPB, on June 5, 2000, a female patient at the hospital complained of sexual misconduct by a male nurse. At the time of the incident, two male nurses were assigned to the complaining patient. The patient did not know the name of the nurse who assaulted her but stated it "was the one in the blue scrubs." Decl. of Loa Girty at ¶ 16, Appellant's App. at 164. Apparently, Daugherty was the only nurse assigned to the patient who wore blue scrubs at the time of the incident. When presented with a picture of Daugherty, the patient identified him as the person who assaulted her. This complaint was referred to the OIG for investigation, the OIG requested that the FBI handle the investigation, and the FBI referred to case to the Tahlequah Police Department. On July 27, 2000, the Cherokee County District Attorney filed an information charging Daugherty with sexual battery of the female patient. Daugherty alleges that defendant referred this complaint to law enforcement authorities in retaliation for his appeal to the MSPB.

Daugherty filed this action in the district court, seeking judicial review of the MSPB's decision and also alleging that he was the victim of unlawful

employment discrimination because of his history of alcoholism and that defendant retaliated against him for having filed an employment discrimination claim. By minute order, the district court denied Daugherty's motion for partial summary judgment on the administrative record. The court granted defendant's motion for summary judgment on the discrimination claim, finding that Daugherty "cannot establish a prima facie case of handicap discrimination because he cannot demonstrate that he was a qualified handicapped individual . . . [because] [t]he record demonstrates [Daugherty] was not discriminated against due to his alcoholism and there were no vacant positions for which [he] was qualified to which he could be reassigned." Order at 4-5, Appellant's App. Vol. I at 14-15. Further, the court held that Daugherty had failed to establish a prima facie case of retaliation.

Daugherty appeals, arguing (1) the Act is unconstitutional; (2) "the MSPB's decision to apply a 'per se' rule [is] contrary to the statutory provisions of [5] U.S.C. § 7701"; (3) "the agency [HHS] discriminate[d] against [Daugherty] based upon a record of a disability by discharging [him] for having a prior conviction which was alcohol related"; and (4) the district court erred in granting summary judgment to HHS on Daugherty's discrimination and retaliation claims. Appellant's Br. at 2. We affirm.

## DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standard as did the district court. Wells v. Shalala, 228 F.3d 1137, 1140 (10th Cir. 2000). Accordingly, in this mixed case we review the challenged administrative determination by the MSPB under the same deferential Administrative Procedures Act, 5 U.S.C. 7703(c), standard as did the district court. See Williams v. Rice, 983 F.2d 177, 180 (10th Cir. 1993). We therefore must uphold the MSPB decisions unless we determine that it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id. (quoting 5 U.S.C. § 7703(c)). With respect to the discrimination claim, we determine whether the district court properly granted summary judgment to HHS. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Daugherty argues the MSPB's interpretation of the Act—that it contains a "per se" rule disqualifying any employee in a covered position who has any prior conviction for a "crime of violence"—renders the statute unconstitutional as overly broad, a bill of attainder and an ex post facto law. We disagree.

-11-

Daugherty first asserts that he has a property interest in his continued employment with the government, and that the MSPB's "per se" rule violates "fundamental due process" and is "arbitrary and capricious." Appellant's Br. at 16. More specifically, he argues that a statute creating an irrebuttable presumption that his prior criminal history makes him unfit for service in a covered position violates "fundamental due process." As the Federal Circuit recently noted in one of the cases consolidated before the MSPB with Daugherty's case, "statutes creating conclusive presumptions are judged under the same due process standards as other statutes." Delong, 264 F.3d at 1341 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)). "Where the statute at issue does not abridge a fundamental right or discriminate against a suspect class, it is upheld if it 'bear[s] . . . [a] rational relation to a legitimate legislative goal' and is free of invidious discrimination." Id. Daugherty cites no case supporting his implicit assertion that he has a fundamental right to continued employment. Thus, the rational basis test applies. See id. at 1342.

Daugherty argues the statute as interpreted by MSPB is overly broad, a bill of attainder punishing him "without authorizing individualized administrative adjudication of suitability," and an ex post facto law "retroactively disqualifying" him from employment. Appellant's Br. at 17-18. Daugherty does not seriously dispute that the Act is designed to further the government's legitimate interest in

protecting Indian children from abuse and violence.  We agree with the       Delong

court's analysis:

> In creating the minimum standards of character set forth in § 3207,
> Congress created a bright line rule that anyone who has been
> convicted of an enumerated crime may not serve in a covered
> position.  Like all bright line rules, § 3207 is both over-inclusive and
> under-inclusive, but the imprecision of the statute does not make it
> unconstitutional.

Delong, 264 F.3d at 1343.  We therefore reject Daugherty's argument that the Act

as construed by the MSPB and the district court is unconstitutional.      [5]

Daugherty next argues that the MSPB's decision violated 5 U.S.C.

§ 7701(c)(A) because it was not supported by substantial evidence.  We disagree.

There is no dispute that the position of nurse was a covered position under the

Act.  There is no serious dispute that Daugherty was convicted of assault and

---

[5]We perceive no prohibited retroactive effect in the Act's operation.
Congress clearly intended the Act to apply to current employees and to have
agencies examine employees' current qualification to perform their jobs in light
of the record of their past conduct.  There is nothing unconstitutional in that
intent.  Moreover, the fact that the Act does not provide for individualized
determinations of whether a particular individual's job or past conduct is covered
or not by the Act is not necessarily unconstitutional:

> Congress could rationally have concluded that the minimum
> standards of character in § 3207 would reduce the incidence of abuse
> of Indian children at the hands of federal employees.  Moreover,
> given the difficulty of identifying employees who pose a threat to
> Indian children, the choice of a blanket rule is justified in this case.

Delong, 264 F.3d at 1343.

-13-

assault with a sexual motive. [6] Rather, Daugherty's complaint is essentially the same argument he made regarding the constitutionality of the Act: "both the statute and the agency's own implementing instructions require a case by case determination of whether the employee actually has regular contact with children." Appellant's Br. at 22. His objection is therefore to the IHS's decision that all clinical nurse positions at the Hastings Indian Hospital were covered positions under the Act.

As we discussed above, the Act contemplates bright line rules. It does not specify how an agency must determine what positions are covered positions, and does not require individualized case-by-case determinations. [7] We conclude that the MSPB's decision that Daugherty was lawfully removed under the Act was supported by substantial evidence.

---

[6]Daugherty suggests that there was insufficient evidence before the MSPB that Daugherty had in fact been convicted by the military courts: "[Daugherty] would note that the report of crimes consisted merely of handwritten notes." Appellant's Br. at 21 n.2. As defendant points out, Daugherty admitted that he had testified that he had been convicted of assault. Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. at 4 ¶ 6, Appellant's App. Vol. I at 130.

[7]Although Daugherty cites various internal memoranda and instructions from the HHS to its officials which discuss case-by-case assessments of positions, those memoranda do not contemplate case-by-case assessments of whether one particular individual in a position is subject to the Act, where other particular individuals in the same position in the same facility and work environment are clearly subject to the Act. Moreover, those internal memoranda cannot alter the wording of the Act itself.

Daugherty's remaining two arguments boil down to the assertion that the district court erred in granting summary judgment to HHS on Daugherty's discrimination and retaliation claims. We affirm the grant of summary judgment, and we agree with the district court's conclusion that Daugherty failed to establish a prima facie case of handicap discrimination because he failed to show that he was a qualified handicapped individual. Daugherty was not qualified for the position of nurse because the Act rendered him unfit. Further, the record shows that there were no vacant positions for which he was qualified to which he could have been assigned. We also agree with the district court that Daugherty failed to establish a prima facie case of retaliation, for substantially the reasons stated in the district court's opinion.

For the foregoing reasons, the judgments of the district court are AFFIRMED.