**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 16 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MARGERY BURFIELD,

　　　　Plaintiff-Appellant,

v.

GALE NORTON, Secretary of the
United States Department of the
Interior,

　　　　Defendant-Appellee.

No. 02-2170
(D.C. Nos. CIV-00-990-KBM/DJS
& CIV-01-199-KBM/DJS)
(D. N.M.)

ORDER AND JUDGMENT　*

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Margery Burfield appeals from: (1) the district court's order affirming the decision of the Merit Systems Protection Board (MSPB) upholding defendant's decision to terminate plaintiff's employment as an office assistant at the Bitter Lake National Wildlife Refuge in New Mexico; and (2) the district court's order entering summary judgment in favor of defendant on plaintiff's gender and age discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

"[I]n this mixed case [1] we review the challenged administrative determination by the MSPB under the same deferential Administrative Procedures Act, 5 U.S.C. § 7703(c), standard as did the district court." *Daugherty v. Thompson*, 322 F.3d 1249, 1254 (10th Cir. 2003) (footnote added). Thus, we

---

[1] A "mixed case" is one in which a federal employee asserts both administrative and discrimination claims. *See Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993); *see also Harms v. IRS*, 321 F.3d 1001, 1005 (10th Cir. 2003) (noting that "cases are referred to as 'mixed cases' because the alleged unlawful discrimination is either related to or stems from an employment action over which the MSPB has jurisdiction"), *petition for cert. filed*, (U.S. June 2, 2003) (No. 02-11158). Pursuant to 5 U.S.C. § 7703(b)(2), the federal district courts have exclusive jurisdiction over appeals from decisions of the MSPB in mixed cases. *Coffman v. Glickman*, 328 F.3d 619, 621-22 (10th Cir. 2003). In a mixed case, a federal employee is entitled to a trial de novo in the district court on the discrimination claims, while the nondiscrimination claims receive only a record review. *Williams*, 983 F.2d at 179-80.

must affirm the MSPB's decision upholding plaintiff's termination unless we determine that the decision was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.* (quotation omitted). Further, we "may not substitute [our] judgment for that of the MSPB." *Williams v. Rice*, 983 F.2d 177, 180 (10th Cir. 1993) (quotation omitted).

In this appeal, plaintiff claims the MSPB's decision was arbitrary and capricious and not supported by substantial evidence, and that the administrative law judge was biased against her. Having thoroughly reviewed the record, we agree with the magistrate judge that there is no basis for reversing the decision of MSPB. We therefore affirm the district court's affirmance of the decision of the MSPB for the reasons set forth in the memorandum opinion and order filed by the magistrate judge on June 6, 2002. [2] *See* Aplt. Am. App. at 233-40.

With respect to the district court's entry of summary judgment in favor of defendant on plaintiff's Title VII and ADEA claims, we review the district court's entry of summary judgment de novo, applying the same legal standards as the district court. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th

---

[2]    Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties consented to the magistrate judge conducting all proceedings and entering final judgment in the consolidated district court cases.

Cir. 2000). Under Rule 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Kendrick*, 220 F.3d at 1225 (quotation omitted).

Plaintiff claims the district court erred in entering summary judgment on her Title VII and ADEA claims because there are genuine issues of material fact for trial concerning whether the nondiscriminatory reasons proffered by defendant for her termination were actually pretexts for gender and age discrimination. [3] Having conducted the required de novo review of the record in this case, we agree with the magistrate judge that plaintiff has failed to establish that there are genuine issues of material fact for trial concerning the pretext issue. Accordingly, we affirm the entry of summary judgment in favor of defendant on plaintiff's Title VII and ADEA claims for the reasons set forth in the

---

[3] In the complaints she filed in the district court, plaintiff also asserted claims against defendant under Title VII and the ADEA relating to alleged discriminatory and retaliatory acts that occurred prior to the termination of her employment. Plaintiff has abandoned those claims on appeal.

-4-

memorandum opinion and order filed by the magistrate judge on November 13, 2001.  *See* Aplt. Am. App. at 193-96.

The judgment of the district court dismissing the consolidated district court cases with prejudice is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge