Roger G. DAIGLE, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF VETERANS AFFAIRS and James Cody, Secretary of the United States Department of Veterans Affairs, Defendants–Appellees.

No. 05–5149–cv.

United States Court of Appeals, Second Circuit.

Jan. 25, 2008.

Roger G. Daigle, pro se, Syracuse, NY, for Appellant.

Paula Ryan Conan, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellees.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

After a jury trial on Roger G. Daigle's claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the District Court's rejection of his claims pursuant to the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), the court entered judgment dismissing these claims. Daigle appeals. We assume the parties' familiarity with the facts, proceedings below, and the prior order of this court limiting the issues that could be considered on this appeal.[1]

Daigle argues that the District Court should have reviewed his Whistleblower Protection Act claims de novo because they were inextricably intertwined with his Title VII claims. De novo review was not required. *See Vickers v. Powell*, 493 F.3d 186, 192 (D.C.Cir.2007); *Daugherty v. Thompson*, 322 F.3d 1249, 1254 (10th Cir. 2003); *Kelliher v. Veneman*, 313 F.3d 1270, 1276 (11th Cir.2002); *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir.1993).

Although the District Court did not ask the jury to decide whether the Department of Veterans Affairs ("VA") breached a Title VII settlement agreement between it-self and Daigle by (1) discriminating against him on the basis of his gender and (2) retaliating against him for his employment discrimination complaints, Daigle failed to establish that he objected to either the charge or the verdict sheet. Therefore, we can reach the alleged error only if it is fundamental. *See Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002). We conclude that no fundamental error occurred. The District Court ruled as a matter of law that no gender discrimination occurred, and the jury found that the VA had not retaliated against Daigle for employment discrimination complaints during the relevant time period. To prevail on his settlement-agreement claim, Daigle was required to establish that the VA discriminated on the basis of gender and/or that it retaliated against him for his prior complaints. Given the court's ruling and the jury's verdict, he could do neither. Therefore, there was no fundamental error.

We affirm the judgment of the District Court and deny all pending motions as moot.

---

1. Daigle made post-argument submissions, which we have reviewed.