FILED
United States Court of Appeals
Tenth Circuit

February 22, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANJANA A. DOSSA,

        Plaintiff-Appellant,

v.

MICHAEL B. DONLEY, Secretary,
Department of the Air Force,

        Defendant-Appellee.

No. 10-3252
(D.C. No. 6:06-CV-01263-JTM-KGG)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES** and **McKAY**, Circuit Judges, and **PORFILIO**, Senior
Circuit Judge.

Anjana A. Dossa appeals the district court's grant of summary judgment in

favor of her former employer, the Department of the Air Force, in her suit seeking

review of a decision of the Merit System Protection Board (MSPB) and alleging

that the Air Force's termination of her civilian employment was due to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

discrimination on the basis of national origin and retaliation. She also appeals the denial of her motion to amend the judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## *Background*

Ms. Dossa is of East Indian national origin. In November 1999, deputy base civil engineer James Condon hired her to be the chief of the engineering flight at McConnell Air Force Base. Between 2000 and 2002, Mr. Condon was satisfied with Ms. Dossa's performance; her November 2002 review was very positive. At the end of 2002, however, he started having concerns about her performance. And in 2003, the engineering flight's workload ballooned due to increased funding available to the military. In the opinions of Mr. Condon and his then-superior, Lieutenant Colonel Charles Emmette, at this point Ms. Dossa was not effectively managing the engineering flight. Her May 2003 and September 2003 reviews were unfavorable, and on October 24, 2003, Mr. Condon placed her on a Performance Improvement Plan (PIP). Her performance did not improve during the ninety-day PIP period, and on March 23, 2004, Mr. Condon issued a notice proposing her removal. He terminated her employment on June 18, 2004.

Ms. Dossa denies that her performance was unacceptable and asserts that she was overworked and undersupported. She also complained of discrimination during the relevant time period. In an April 29, 2003, e-mail message concerning

scheduling of and communications about certain meetings, she asserted, without elaboration, "[t]he real problem is discrimination." MSPB Record at 1627. In July 2003, she sought equal-employment counseling over her May 2003 performance evaluation, alleging that she was being subjected to harassment and discrimination because of her national origin. Finally, in October and November 2003, she filed formal charges of discrimination.

After the removal, Ms. Dossa started a MSPB proceeding. An administrative judge held an evidentiary hearing and affirmed the removal action. The MSPB denied review of the administrative judge's decision. Ms. Dossa then sought review of the MSPB's final order before the Equal Employment Opportunity Commission (EEOC). After another hearing before an administrative judge, the EEOC concurred with the MSPB's finding of no discrimination.

Bringing a "mixed action" under 5 U.S.C. § 7703, Ms. Dossa next sought review of the MSPB's decision in the district court and alleged that the removal decision was based on her national origin and retaliation for complaining of discrimination. After this court remanded the district court's initial dismissal of the discrimination and retaliation claims, *see Dossa v. Wynne*, 529 F.3d 911 (10th Cir. 2008), the district court granted summary judgment to the Air Force with regard to the MSPB decision, then separately granted summary judgment to the Air Force on the discrimination and retaliation claims. The district court also

denied Ms. Dossa's motion to amend the judgment. Proceeding pro se before this court, Ms. Dossa appeals.

### *Analysis*

Ms. Dossa argues that the district court accepted the defendants' version of the facts rather than viewing the facts in the light most favorable to her. She also argues that the district court erred in reviewing the MSPB proceedings before separately deciding her discrimination claims.[1]

We review the district court's summary-judgment decision de novo. *See Daugherty v. Thompson*, 322 F.3d 1249, 1254 (10th Cir. 2003). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] We review the denial of Ms. Dossa's post-judgment

---

[1] The Air Force argues that this court does not have jurisdiction to address this argument because Ms. Dossa's notice of appeal did not list the decision reviewing the MSPB proceedings. We note, however, that Ms. Dossa's appellate argument cites to an argument in her post-judgment Motion To Amend Findings Of Fact And Judgment. The notice of appeal did list the order denying the motion to amend. Thus, affording Ms. Dossa the liberal construction to which her pro se status entitles her, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), we have jurisdiction to consider this issue as it is presented.

[2] Fed. R. Civ. P. 56 was amended effective December 1, 2010. The summary judgment standard previously set forth in subsection (c) was moved to subsection (a), and there was a word change—genuine "issue" became genuine "dispute." But "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 adv. comm. note (2010 amendments).

motion, which appropriately is construed as a motion under Fed. R. Civ. P. 60(b),[3] for abuse of discretion, "keeping in mind that Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quotation omitted).

Applying these standards, we conclude that the district court appropriately evaluated the parties' summary-judgment submissions and did not abuse its discretion in denying the post-judgment motion. Accordingly, for substantially the reasons stated in the district court's orders dated May 6, 2010, and September 2, 2010, the judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge

---

[3] The motion is entitled Motion to Amend Findings of Fact and Judgment or In the Alternative, Motion for Reconsideration. But because it was filed more than ten days after entry of the order granting summary judgment, it is considered a motion for relief under Fed. R. Civ. P. 60(b). *See Hatfield v. Bd. of County Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Nevertheless, because it was filed within twenty-eight days of the summary-judgment order, it tolled the appeal filing deadline. *See* Fed. R. App. P. 4(a)(4)(A)(vi).