**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MELEAHA R. GLAPION,

     Plaintiff - Appellant,

v.

JULIAN CASTRO, Secretary, U.S.
Department of Housing and Urban
Development,

     Defendant - Appellee.

No. 15-1443
(D.C. No. 1:14-CV-01699-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Meleaha R. Glapion, proceeding pro se, appeals from the district court's grant

of summary judgment to her former employer, the Department of Housing and Urban

Development (HUD), in her discrimination lawsuit. Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Glapion is an African-American female who worked for HUD from April 2008 to April 2010 as a Federal Career Intern (FCI), then from May 2010 to March 2012 as a Management Analyst, GS-12.  She worked at HUD's Region VIII Field Policy and Management (FPM) office in Denver, Colorado.  She was the only African-American female employee in Region VIII FPM.

Glapion had difficulties at work.  Among the issues she raises is her performance reviews as a Management Analyst were not as favorable as they had been as an FCI; her application for student loan reimbursement was delayed (though ultimately approved and paid); her requests to telework were denied; and her supervisors raised concerns about her attendance and leave requests.  For about seven months in 2011, she was assigned to work under the Public Affairs Officer, rather than performing regular Management Analyst duties.  And on four occasions between October 2010 and October 2011 she was disciplined for offenses such as failing to follow proper orders and rude conduct.  The disciplinary measures progressed from counseling, through official reprimands, to a four-day suspension.  Attributing the problems to discrimination (and then retaliation), Glapion pursued EEO remedies.

In early 2012, Glapion refused her supervisor's directive to perform a temporary assignment in HUD's office for multifamily housing.  She communicated her refusal in what her supervisor considered to be a rude manner.  Further, during this period, her supervisor had authorized her to spend a certain amount of her official work time on her EEO matter, but he informed her he would not authorize her

2

to be in the office or to use government equipment outside of her approved work schedule. Nevertheless, a few days later, Glapion checked out a government laptop and aircard over a weekend, representing she had work to do. Based on these events, the supervisor proposed Glapion's removal for refusing to comply with an order, failing to follow directives, and rude conduct. Ultimately the Regional Administrator agreed with the recommendation and terminated her employment.

Glapion challenged her removal in an action before the Merit Systems Protection Board (MSPB), which upheld the removal on two of the three grounds (refusing to comply with an order and failing to follow directives). She then brought suit in district court. Under Title VII of the Civil Rights Act of 1964, she alleged discrimination on the basis of race, color, and sex; retaliation for engaging in protected activity; and a hostile work environment. She also brought claims under the Fair Labor Standards Act (FLSA) and the Freedom of Information Act (FOIA). The district court, a magistrate judge presiding by consent of the parties, granted summary judgment to HUD. Glapion now appeals from the summary judgment.[1]

### Discussion

Our review is de novo, viewing the evidence in the light most favorable to Glapion. *See Cypert v. Indep. Sch. Dist. No. I-050*, 661 F.3d 477, 480 (10th Cir. 2011). "Summary judgment is appropriate when 'there is no genuine dispute as to

---

[1] Glapion's third amended complaint also included claims for whistleblowing, harmful procedural error, and constitutional violations. But Glapion does not appeal from the district court's dismissal of these claims under Fed. R. Civ. P. 12(b).

any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets, citation, and internal quotation marks omitted). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

We do not consider new arguments raised in the reply brief. "Issues not raised in the opening brief are deemed abandoned or waived." *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997).

I.     **Procedure**

Relying on *Olenhouse v. Commodity Credit Corp.,* 42 F.3d 1560, 1579-80 (10th Cir. 1994), which precludes summary judgment motions in certain appeals of agency action, Glapion suggests the district court erred in entertaining HUD's summary judgment motion. She is mistaken.

When a federal employee brings discrimination claims before the MSPB and then seeks review in district court, the court reviews the discrimination claims de novo. *See Chandler v. Roudebush*, 425 U.S. 840, 863-64 (1976); *Coffman v. Glickman*, 328 F.3d 619, 622 (10th Cir. 2003). De novo review differs from the review procedure described in *Olenhouse*. In light of the de novo standard of review

4

applicable to this case, there was nothing inappropriate in allowing a summary judgment motion. *See, e.g.*, *Daugherty v. Thompson*, 322 F.3d 1249, 1254, 1256 (10th Cir. 2003) (affirming grant of summary judgment to agency on discrimination claims MSPB also had rejected).

## II.    Discrimination and Retaliation

For the discrimination and retaliation claims, the district court determined the only sufficiently adverse actions were the four instances of discipline and the removal. For the discrimination claims, it held Glapion failed to establish a prima facie case because she did not show these adverse actions occurred under circumstances giving rise to an inference of discrimination. *See Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226-27 (10th Cir. 2000) (discussing the *McDonnell Douglas* burden-shifting scheme and the elements of a prima facie case). For both the discrimination and retaliation claims, the court determined she had failed to identify any evidence showing the agency's legitimate, nondiscriminatory reasons for the adverse actions were pretext for prohibited conduct. *See id.* at 1226, 1230 (discrimination); *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1264, 1267 (10th Cir. 2007) (retaliation).

Mentioning numerous items in the record, Glapion argues she presented sufficient evidence for a jury to find in her favor. We disagree. We recognize Glapion was unhappy with the conditions of her employment. But as the district court concluded, there is insufficient evidence for a reasonable jury to conclude the events about which she complains were caused by discrimination on account of race,

5

color, or sex, or by retaliation. Notwithstanding Glapion's assertions, the district court did not improperly fail to view the facts in the light most favorable to Glapion or fail to draw inferences in her favor. To the contrary, the court did an admirable job of marshaling the parties' voluminous filings.

Glapion also points the court to *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 604-06 (D.C. Cir. 2010), in which the D.C. Circuit reversed a grant of summary judgment to HUD on a retaliation claim. However, the circumstances leading the *Pardo-Kronemann* court to conclude a reasonable jury could find an employee's transfer to a different position was retaliatory are significantly different than the circumstances in this case. *See id.*

## III.    Hostile Work Environment

A prima facie case of hostile work environment in violation of Title VII requires a plaintiff to show membership in a protected group, unwelcome harassment based on the protected characteristic, and "due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (brackets and internal quotation marks omitted). The district court held Glapion failed to establish any harassment was based on a protected ground or was sufficiently severe and pervasive.

On appeal, Glapion conclusorily asserts the "atmosphere surrounding Plaintiff after she filed her EEO complaint against supervisors and recommending officials was sufficient to state a claim for . . . hostile work environment," Aplt. Br. at 38, and

6

she provides a list of opinions without tying them to the facts of her case. "The court will not consider . . . issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation." *United States v. Wooten*, 377 F.3d 1134, 1145 (10th Cir. 2004) (internal quotation marks omitted); *see also Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived, and bald assertions in briefs that there are genuine issues of material fact are insufficient to merit reversal of summary judgment." (citations omitted)). To the extent Glapion intended her factual discussion to show the district court erred in assessing whether the discrimination was based on a protected ground and pervasiveness, we agree with the district court that the evidence is insufficient for a reasonable jury to find the elements of a hostile work environment claim.

Glapion does specifically challenge the district court's evaluation of other employees as potential comparators (an exercise the court undertook to determine whether a reasonable jury could conclude any harassment was based on her race, color, or sex, *see Harsco*, 475 F.3d at 1186). Asserting the district court was too strict in its analysis, in her opening brief Glapion identifies two employees she believes would be fair comparators. We disagree. One, an African-American male, worked in a different HUD region, and as such cannot be considered similarly situated, *see Kendrick*, 220 F.3d at 1232 (stating employees are similarly situated if they "deal[] with the same supervisor"). The other, a Hispanic female, worked at the Denver FPM office. Glapion argues this employee was afforded training

7

opportunities and was not involuntarily ordered to perform temporary assignments. But the Hispanic employee did not have Glapion's discipline history, and the record establishes Glapion's supervisor understood the Hispanic employee already had experience in HUD's housing-related offices. The district court did not err in concluding the two employees were not similarly situated to Glapion.

## IV. FLSA

The district court determined Glapion's FLSA claim was time-barred because she filed her complaint outside the two-year limitations period and failed to show any FLSA violation was willful, so as to invoke the three-year limitations period. *See* 29 U.S.C. § 255(a). Glapion briefly asserts she timely raised FLSA concerns in her administrative proceedings. But she does not develop this argument or cite any authority that allegations in discrimination-related administrative proceedings preserve an FLSA claim. This argument therefore is waived. *See Wooten*, 377 F.3d at 1145; *Adler*, 144 F.3d at 679.

## V. FOIA

Glapion asserts the district court abused its discretion in granting HUD's first and second requests for an extension to file its motion for summary judgment on her FOIA claim. Her argument is unclear, although it apparently involves HUD's production in 2015 of documents responsive to a 2012 FOIA request. Given the wide latitude the district court enjoys in managing its docket, *see Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009), we perceive no abuse of discretion in granting the extensions.

8

Glapion also "re-alleges authorities/arguments made in her denied-in part Motion for *Sur*-Reply." Aplt. Br. at 38. Because incorporation by reference is not acceptable argument, whatever arguments she intended to make are waived for inadequate briefing. *See Gaines-Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623-24 (10th Cir. 1998).

### Conclusion

The district court's judgment is affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge